(37 App. Div. 364.)

PRYOR v. STORKE.

(Supreme Court, Appellate Division, First Department.   February 10, 1899.)

1. ACCOMMODATION NOTES—INDORSEMENT—NOTICE.
   An indorsee of an accommodation note, for value, before maturity, may hold the maker, though he knew the character of the paper when he took it.

2. SAME—PLEADING—ADMISSIONS AND DENIALS.
   Where an allegation, in a complaint on an accommodation note, that the paper "came, for value, before maturity, lawfully into the possession of" plaintiff, was not denied, an issue was not raised by an allegation in the answer that plaintiff took the note after maturity, with notice.

Appeal from trial term, New York county.

Action by James Pryor against Henry L. Storke. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Omitting the formal parts, the complaint is as follows, viz.:

The plaintiff, complaining of the defendant, alleges: (1) That heretofore, at Auburn, N. Y., on or about January 8, 1894, defendant made his certain promissory note in writing, in the words and figures following, to wit: "$500. Auburn, N. Y., January 8th, 1894. Three months after date I promise to pay to the order of Charles S. Beardsley five hundred dollars, at Cayuga County National Bank, Auburn, N. Y., for value received, with interest. Henry L. Storke." (2) That thereafter, and before the commencement of this action, the said Charles S. Beardsley duly indorsed and transferred said note, and, so indorsed, the same came, for value, before maturity, lawfully into the possession of the plaintiff, who is now the owner and holder thereof, and no part thereof has been paid by said defendant. Wherefore the plaintiff demands judgment against the defendant for the sum of five hundred dollars, and interest from the 8th day of January, 1894, besides the costs and disbursements of this action.

And the answer is as follows, to wit:

The defendant, answering the complaint herein, shows to the court and alleges as follows: First. He admits the making of the note set forth in the complaint, but denies that the plaintiff is the owner thereof. Second. He avers that he made said note on the 6th day of January, 1894; that same was indorsed by the payee; but he denies he ever received any value for same, and he avers same was made solely for the accommodation of the payee, who was to take care of same and pay same at maturity, as the plaintiff well knows, as this defendant is informed and believes. Third. This defendant further avers, on information and belief, that the plaintiff herein, with full knowledge of all the facts hereinbefore set forth, came into possession of said note long after the maturity thereof, and after payments on same had been made to parties representing the Mulligan estate, of Philadelphia, which estate claimed to own same. Wherefore defendant demands judgment for the dismissal of the complaint and for costs.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Thomas Bracken, for appellant.
B. F. Edsall, for respondent.

BARRETT, J.   This action is against the defendant as the maker of a promissory note.  The complaint alleges, and the answer expressly admits, the making of the note, and its indorsement by the

payee, one Beardsley. The complaint further alleges, and the answer admits, by not denying, that the note so indorsed "came, for value, before maturity, lawfully into the possession of the plaintiff." The answer then avers that the note was made by the defendant for the accommodation of the payee, "who was to pay the same at maturity, as the plaintiff well knows." This was no defense. What the plaintiff well knew when the answer was interposed is quite immaterial. But, even were the knowledge alleged contemporaneous with the original transaction, this defense would have been equally bad. Having admitted that the note came into the plaintiff's possession, for value, before maturity, the defendant was liable, though the plaintiff knew when he took it that it was accommodation paper. The answer further avers that the plaintiff, with knowledge of the fact that the note was accommodation paper, came into possession of it long after maturity. Having admitted that the note came into the plaintiff's possession, for value, before maturity, the defendant was not at liberty to deny the fact, or to prove any state of facts inconsistent with such admission. Fleischmann v. Stern, 90 N. Y. 114. The allegation in question, however, had no relation to the plaintiff's original possession. It seems that the plaintiff, after he originally became possessed of the note, "for value, before maturity," turned it over to one Mulligan. Long after maturity he paid Mulligan's estate what was due upon it, and then took it back. This is what the defendant's allegation refers to. Thus the allegation is entirely consistent with the admission. Upon this state of the pleadings, the only issue was the ownership of the note, and that was abundantly established. The learned trial judge should have directed a verdict for the plaintiff. No harm was done, however, by the taking of superfluous testimony, and the submission of unnecessary questions to the jury, except in the consumption of time; for the jury gave the plaintiff the verdict he was entitled to. The exceptions to the exclusion of evidence and to certain refusals to charge are trivial in themselves, and, as the case stands upon the pleadings, entirely unimportant.

The appeal is without merit, and the judgment and order denying the defendant's motion for a new trial should be affirmed, with costs. All concur.