CHARLES E. SALVAS, *Ex. vs.* ALBERT JUSSAUME *et al.*

MARCH 14, 1929.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

BARROWS, J. In this action of assumpsit to recover money alleged to have been paid by plaintiff's testatrix without consideration the court, on motion, directed a verdict for defendants at the close of plaintiff's case during which two witnesses only were heard, to wit, plaintiff and defendant Albert called by plaintiff as a witness. The case is here on exception to the action of the trial court in directing the verdict.

The facts are not disputed. Plaintiff is executor of his mother's will. The mother, Marie B. Salvas, prior to June

8, 1925, had worked. She was seventy-four years old and on various occasions prior to said date when out of work she had been given her food and room in defendants' home. On the above date she had concluded to stop working and made a written agreement with defendants reciting that she "has become aged and feeble and is desirous of retaining the care bestowed upon her by the said Albert and Marie Elise Jussaume for her remaining years." The agreement further recited the payment for account of defendants of $700 in return for which they agreed to keep her "in their home as a member of the family as in the past and to furnish and provide said Marie Blanchard Salvas with all necessary food and provisions during her remaining years and until her death." The extent of defendants' obligations in keeping Marie in defendants' home is not clear and recourse may be had to evidence to ascertain the intent of the parties. *Hill v. Carr*, 78 N. H. 458. In this instance the keep was to be such as she had in the past. The evidence showed that prior to the agreement she had "feed and a room." Marie herself said at the time of making the contract, "If ever I am sick I will go to the hospital and be taken care of." Marie continued to live with defendants for nearly two years. On March 18, 1927, she needed medical care and nursing. There is no evidence that she was not in full possession of her mental faculties. She talked of leaving defendants' home to go to a hospital and defendants told her they would carry her at any time she wished. Just before March 18, 1927, changing her mind about the hospital, she proposed that defendants should take entire care of her and pay all bills receiving therefor $400. This they declined to do but agreed for $300 to take entire care of her except as to payments for doctor's bills and medicines. She accepted this proposition, paid them the $300 and entered into another written agreement reciting the first one (her copy of which she evidently destroyed) and the additional payment. In the second agreement defendants promised to furnish her "suitable and sufficient board, nursing, meat, drink, washing

and lodging and apparel and all other necessaries during her lifetime," except medical care and medicines. The last clause of the new agreement recites that no other charges were to be made by defendants against her for maintenance during her lifetime.

She died March 22, 1927, and plaintiff, her executor, finding the second agreement among her papers, brought this suit. He based his claim on the proposition that defendants were already bound under the first agreement to do exactly what they promised to do under the second. Williston on Contracts, Vol. 1, §§ 130, 130a. Plaintiff then asserted that the payment of $300 was without consideration and that Marie herself, and after her decease her executor, was entitled to recover it.

Without reference to the fact that this contract had been completely executed and the money voluntarily paid, we think the trial justice did not err in construing the second agreement as valid. Our recital of the facts shows that on March 18, 1927, a situation not contemplated by either party as within the original agreement had arisen. Under these circumstances the second agreement binding defendants to obligations in addition to those formerly existing was supported by good legal consideration. *Richardson* v. *Hooper*, 13 Pick. 446; *Hill* v. *Carr*, 78 N. H. 458; *Marten* v. *Brown*, 80 N. J. L. 143, affirming 37 App. Div. 365; *Wood* v. *Whitehead Bros. Co.*, 165 N. Y. 545, affirmed in 36 App. Div. 639; *Turner* v. *Owen*, 3 F. & F. 176. Hence Marie's money was not paid without consideration.

While plaintiff suggests duress or unfair advantage taken of Marie, there is no evidence to sustain such an inference and the adequacy of the consideration does not concern us. *Shepard & Co.* v. *Rhodes*, 7 R. I. 470. Nor are we concerned with the principle involved in cases where obstacles not reasonably to be anticipated arise in the performance of a perfectly definite contract. 13 C. J. 355.

The exceptions of the plaintiff are overruled and the case is remitted to the Superior Court for entry of judgment on the verdict as directed.

*Archambault & Archambault, George Roche,* for plaintiff.

*James O. McManus, Joseph W. Grimes, William H. Mulligan,* for defendants.