249 A.2d 900.

FALL RIVER NATIONAL BANK *vs.* ANTHONY DEMARCO AND DORIS DEMARCO.

FEBRUARY 7, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This is the defendants' appeal from the entry of a summary judgment in a civil action on a promissory note.

The facts on which the action was brought are not in dispute. They establish that on October 28, 1965, plaintiff, hereinafter called "the bank," loaned $5,000 to Russell Sportswear Mfg. Co., Inc., a Massachusetts corporation, of which defendant Anthony DeMarco was treasurer. This indebtedness was evidenced by a promissory note, payable six months from date, together with interest of $151.67. Significantly, collection costs or other legal charges were not included. Payment of the principal sum and stated interest at maturity, namely April 28, 1966, was guaranteed by treasurer DeMarco and his wife Doris as endorsers.

The note was not honored at maturity and on July 15, 1966, the bank commenced the instant action against the DeMarcos. In connection therewith, the bank at the same time, caused to be attached a bank account of Mrs. DeMarco, as well as real estate owned by her and her husband, which real estate is located in the town of Tiverton.

On July 19, 1966, Anthony DeMarco called on an officer of plaintiff bank at its principal place of business in Fall River, Massachusetts, where he executed and delivered a written instrument, the contents of which are hereinafter stated:

Thereafter, namely, September 8, 1966, defendants filed

an answer including therein a counterclaim for $5,000 as required by R. C. P. 13 (a). The counterclaim alleged an abuse of process by the bank, growing out of the attachment of defendants' real property and an understanding with regard thereto, purportedly had in connection with delivery of the July 19, 1966 agreement.

The bank moved to strike defendants' answer. This motion was granted by a superior court justice and on October 20, 1966, defendants filed an amended answer which, on the bank's motion was also stricken and defendants filed a second amended answer. It averred,

> "The plaintiff accepted in full satisfaction of the liability which it alleges, a promise of the defendant, Anthony DeMarco, to pay a sum certain in certain installments, and said promise of the defendant was accepted by the plaintiff in total satisfaction of the plaintiff's demand, and the plaintiff intended to accept the defendant's promise as full satisfaction of said alleged liability."

However, said second amended answer did not set forth a counterclaim as contained in defendants' original answer.

Subsequently, April 13, 1968, plaintiff filed a motion for summary judgment, together with a supporting affidavit, as provided in R. C. P. 56 (a). The motion asserted the bank's right to recover as a matter of law on the basis that there existed no genuine issue as to any material fact. Its supporting affidavit was sworn to by the senior vice-president who stated the facts surrounding the execution of the note; defendants' status as guarantors; that said note had not been honored; and that there existed an unpaid balance of $2,671.29, plus interest from April 28, 1966. A copy of the note was attached to and incorporated as part of the bank's supporting affidavit.

Additionally, the affidavit contains said senior vice-president's assertions that by an agreement executed July 19, 1966, in affiant's presence, defendant Anthony DeMarco

affirmed his obligation as a guarantor of the note, promising to repay said obligation at the rate of $500 a month; but that said defendant had made only one such monthly payment. A copy of the July 19, 1966 instrument was also annexed to and made a part of the bank's supporting affidavit.

In response to the bank's motion and the supporting affidavit of its senior vice-president, defendant Anthony DeMarco filed an affidavit in opposition. It provides in pertinent part,

> "That after this action was commenced I entered into an agreement with the plaintiff, Fall River National Bank, which is in part reduced to writing in a letter dated July 19, 1966, signed by me, a copy of which is attached hereto; that said letter was drafted by the plaintiff's agent and that the witnesses are officers of the plaintiff bank and was delivered by me to the plaintiff with the understanding and agreement that attachment upon real estate in my name and that of Doris DeMarco, my wife, effected in this action would be immediately released;
>
> That this action was thereupon considered settled by plaintiff and defendant, but plaintiff thereafter refused and declined to release said attachment and thereby breached its agreement."

Thereafter, May 13, 1968, the motion for summary judgment was heard by a superior court justice who granted said motion and judgment entered accordingly. Both DeMarcos seasonably appealed therefrom to this court.

In the process of reaching his decision on the bank's motion, the superior court justice examined the pleadings in order to ascertain the issues, and thereafter considered the affidavits and other material documents in accordance with his duties as set forth by this court in *Slefkin* v. *Tarkomian*, 103 R. I. 495, 238 A.2d 742. So doing, he recognized that defendants' counterclaim contained in their original answer might be considered as a defense to the

granting of the bank's motion for summary judgment. However, he indicated some doubt as to whether defendants had waived their counterclaim by not including it in either of their amended answers. He resolved this doubt by declining to pass on the question and preserved defendants' right to litigate the counterclaim in subsequent proceedings. In the view we take of his decision granting the bank's motion for summary judgment, the action of the superior court justice with regard to the counterclaim is not material to this appeal and we express no opinion as to its correctness.

Turning then to that portion of his decision which is material, the trial justice recognized that defendant Anthony DeMarco's affidavit in opposition to the bank's motion for summary judgment was offered to establish an issue of material fact which, if believed, would constitute a valid defense to the action on the note, but found it defective in two respects.

The defense, thus rejected, consisted of defendant affiant's allegations that the agreement, sometimes referred to as "letter," of July 19, 1966, was delivered to the bank's senior vice-president on the condition and with the understanding that the promises therein contained were accepted in settlement of the pending action on the note.

The July 19, 1966 instrument is as follows:

> "I, Anthony DeMarco, hereby acknowledge that I owe The Fall River National Bank the sum of Three Thousand Three Hundred Eight Dollars and Eight Cents ($3,308.08) with interest on said amount since April 28th. This indebtedness is caused by my endorsing and guaranteeing a note officially signed by Russell Mfg. Co., Inc. on the above amount, the original amount having been $5,000, due on April 28, 1966. Said $5,000 has been reduced to $3,308.08, which I hereby personally acknowledge as my indebtedness, and I agree to pay said balance plus interest and legal charges at the rate of $500 a month, starting

thirty days from the above date. It is mutually agreed that if I desire and am able to pay more than this amount per month the bank hereby agrees to accept advance payments from me."

Commenting thereon, the superior court justice stated,

"* * * If there was any forebearance granted by the Bank to *Anthony* DeMarco, it was without consideration, and, hence, unenforceable. There is nothing in the record of this case to show that any new agreement was made by the Bank with *Doris* DeMarco.

"The defense claimed by Anthony DeMarco in his affidavit is without merit."

It seems clear that in reaching these conclusions, the superior court justice misconceived the scope of the July 19, 1966 agreement alleged by defendant affiant, and overlooked the consideration on which said agreement rested. Clearly, had defendant Anthony DeMarco alleged that he had paid the amount claimed to be due with interest, proof of such payment would constitute a valid defense to the action against both him and his wife. In lieu of actual payment, however, what defendant affiant was averring as a material fact was acceptance by the bank of the July 19, 1966 agreement in substitution for the original indebtedness of affiant and his wife as guarantors. His affidavit in opposition states as facts that the July 19, 1966 agreement was drafted by the bank's agent, witnessed by its personnel, and delivered by affiant

"* * * with the understanding and agreement that attachment upon real estate in my name and that of Doris DeMarco, my wife, effected in this action would be immediately released;

That this action was thereupon considered settled by plaintiff and defendant * * *."

These facts raise a genuine issue, which, if believed, would constitute a valid defense to the action on the original note. It was the duty of the superior court justice, insofar as ruling on the bank's motion was concerned, to accept them

as true and permit the case to be tried to a jury. See *Marandola* v. *Hillcrest Builders, Inc.,* 102 R. I. 46, 227 A.2d 785.

This duty of the superior court justice would exist, of course only on a determination that there was legal consideration to support the July 19 substituted agreement, a determination which the superior court justice made adversely to defendants. In so doing, the superior court justice failed to consider the obligation of Anthony DeMarco to be responsible for legal charges specifically imposed by the July 19 agreement, an obligation not included in the note on which the civil action was predicated. The extent of this obligation, be it substantial or slight is of course not a subject for inquiry by the court. As was stated in *Salvas* v. *Jussaume,* 50 R. I. 75, 77, 145 A. 97, 98, "* * * the adequacy of the consideration does not concern us."

We hold, therefore, that it was error for the superior court justice to have granted the bank's motion. The defendants' appeal is sustained, the judgment vacated and the case remitted to the superior court for further proceedings.

*Umsted & Going, Scott Umsted, Jr.,* for plaintiff.

*Moore, Virgadamo, Boyle & Lynch, Francis J. Boyle,* for defendants.