[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before this Court is plaintiff's motion for summary judgment. Jurisdiction is pursuant to R.C.P. 56.
Statement of Facts
Plaintiff is a California corporation which provides various forms of insurance to subscribers. Defendant is a Rhode Island corporation which operates as an automobile dealership. On or about September 1, 1985, plaintiff contracted with defendant and agreed to provide service contracts covering the repair of automobiles purchased by defendant's customers. The contract provided that any customer desiring to purchase said insurance would pay defendant the premium. The defendant was required to retain the collected premiums and remit them to plaintiff by the twentieth of each succeeding month.
Plaintiff's complaint alleges that defendant failed to remit monies which were collected pursuant to certain service contracts. In an attempt to resolve the matter plaintiff and defendant executed two (2) promissory notes on March 1, 1991. Plaintiff contends that the notes were intended to be an accord and satisfaction of the monies owed under the 1985 contract. The notes required defendant to begin making monthly installment payments on April 1, 1991 and to continue doing so until the balance of the amount owed was satisfied.[1] A provision in the notes required any changes or alterations in its terms to be evidenced by an agreement in writing.
Defendant alleges that on April 1, 1991, the first of the required payments was made. Thereafter, defendant contends that several conversations with representatives and/or agents of plaintiff were held. These conversations focused on whether plaintiff would agree to a moratorium on the payments until such time as defendant completed a refinancing arrangement with the Toyota Motor Credit Corporation. According to defendant, plaintiff agreed to the moratorium until the closing date of the refinancing. Defendant then ceased making the monthly payments.
The present action ensued. Plaintiff alleges that defendant is in breach of the promissory notes as well as the underlying contract. Plaintiff denies the existence of a moratorium on payments and claims that even if a moratorium agreement had been reached, the parol evidence rule would bar the introduction of evidence tending to establish said moratorium. Further, plaintiff argues that even if the rule would not bar such evidence the moratorium agreement would nevertheless be unenforceable due to a lack of consideration.
Alternatively, defendant argues that the oral moratorium agreed upon suspended any and all obligations due under the promissory notes. Defendant further asserts that the lack of an acceleration clause in the notes precludes plaintiff from seeking immediate recovery and that the defense of set-off is herein applicable.
Analysis
It is generally well settled that a motion for summary judgment is a drastic remedy and, as such, should be applied cautiously. Rustigian v. Celona, 478 A.2d 187, 189 (R.I. 1984). Pursuant to R.C.P. 56(c), a trial justice may grant the motion "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as [a] matter of law."Golderese v. Suburban Land Co., 590 A.2d 395, 396 (R.I. 1991) (quoting Rhode Island Hospital Trust National Bank v. Boiteau,
119 R.I. 66 [119 R.I. 64], 376 A.2d 324 (1977)). The court must, however, view the pleadings, affidavits, memoranda, and other evidence in the light most favorable to the non-moving party. Rustigian,
478 A.2d at 189. If the party opposing the motion establishes that a material issue of fact exists, then the court must deny the motion. Grissom v. Pawtucket Trust Company, 559 A.2d 1065, 1066 (R.I. 1989).
In the instant action, plaintiff alleges that the moratorium which defendant contends was agreed upon is non-existent and therefore places defendant in breach of the promissory notes. Defendant asserts that a moratorium agreement was reached thus obviating the need to make payments according to the terms of the notes. This is an issue of material fact which cannot be disposed of on summary judgment.
Plaintiff next contends that assuming, arguendo, that a moratorium agreement was reached, the parol evidence rule would nevertheless bar the introduction of any evidence tending to contradict the terms of the promissory notes. However, a careful understanding of the rule and the applicable Rhode Island case law easily dismisses this contention.
The parol evidence rule renders inadmissible any evidence of prior or contemporaneous collateral agreements aimed at altering, varying or contradicting a written document in the absence of fraud or mistake. Industrial National Bank v. Peloso,121 R.I. 305, 310, 397 A.2d 1312, 1314 (1979); American UnderwritingCorp. v. Rhode Island Hospital Trust, Co., 111 R.I. 415,303 A.2d 121 (1973). The parol evidence rule does not bar evidence of an agreement which was reached subsequent to the written contract.
In the case at bar, defendant avers that an oral agreement was reached with plaintiff whereby payments under the promissory notes were to be suspended pending the refinancing arrangement which defendant sought. Defendant alleges that this agreement was reached after the promissory notes were executed on March 1, 1991. Defendant further alleges that the first payment pursuant to the terms of the notes was paid. If this allegation is in fact true, then the oral modification would be subsequent to, and not prior or contemporaneous to, the written promissory notes. As such, the parol evidence rule would not bar evidence tending to prove that a subsequent modification was reached. Id.
Furthermore, the court is mindful that a written contract may be modified by a subsequent oral agreement notwithstanding a provision in the instrument requiring that any additional changes be satisfied by a writing, Menard Co. Masonry BuildingContractors v. Marshall Building Systems, Inc., et al,539 A.2d 523, 526-27 (R.I. 1988); M.B.T. Construction Corp. v. KelhenCorp., 432 A.2d 670, 674 (R.I. 1981), and the parol evidence rule will not preclude the introduction of that evidence which tends to corroborate such a modification. Industrial NationalBank, 121 R.I. at 310, 397 A.2d at 1314.
The facts of this case are comparable to those in IndustrialNational Bank, supra; and Fall River National Bank v.DeMarco, 105 R.I. 136, 249 A.2d 900 (1969), wherein plaintiffs sought summary judgment based upon an alleged breach of a promissory note. The defendants countered by alleging that a subsequent agreement was reached which modified the terms of payment. In overturning the lower court's decision to grant summary judgment, the Supreme Court held that a genuine issue of material fact existed which, if believed, would constitute a valid defense thereby precluding summary judgment. Id. The Court held that neither case was ripe for summary judgment. Similarly, in the case sub judice therein exists a genuine issue of material fact which, if believed, would constitute a valid defense to defendant's actions.
Plaintiff next contends that the absence of consideration renders the moratorium agreement unenforceable. While at first glance the alleged moratorium agreement appears to lack consideration, a careful analysis of the implicit nature of the agreement manifests the existence of valid consideration to support the extension of time. In allegedly agreeing to the moratorium plaintiff promised to forbear the collection of the claim. In return, defendant surrendered the power to stop the accrual of further interest by the payment of principal at maturity. See, 1 Williston on Contracts, Third Edition Section 122. Restated, for that amount of time which the payments were suspended the amount of interest owed by defendants upon the principal continued to accrue daily, thereby conferring a benefit upon plaintiff which was not otherwise anticipated when the promissory notes were executed. Therefore, the moratorium agreement, if it in fact exists, is supported by valid consideration.
Defendant correctly asserts that the lack of an acceleration clause within either of the promissory notes precludes plaintiff from seeking immediate payment of the entire debt upon breach of the notes. Absent an acceleration clause, only those amounts which have accrued are due. Hills v. Gardiner SavingsInstitution, 309 A.2d 877 (Me. 1973). Plaintiff does not challenge this assertion. Rather, plaintiff asserts that any and all monies due are owed under the original service contract and not the promissory notes. This argument rests upon the theory that the promissory notes constituted an accord and satisfaction of the service contract. If the promissory notes were intended as an accord and satisfaction then defendant's obligations under the original service contract would merely be suspended — pending satisfaction of the accord — rather than completely discharged. Consequently, a breach on the accord would entitle plaintiff to sue on either the accord or the original contract. Restatement, Second, Contracts § 281.
Conversely, if the promissory notes were to be considered substitute contracts defendant was discharged from any obligation under the original contract and plaintiff's lone remedy would be an action for breach of the substitute contracts. Restatement, Second, Contracts § 279. Hence, whether plaintiff's action pertains to the original service contract or the promissory notes hinges upon whether the notes constituted an accord and satisfaction or a substitute for the original contract, a matter not herein ripe for summary judgment. Defendant's averment that the defense of set-off is herein applicable is hereby rendered moot by the Court's decision to deny summary judgment.
Based upon the arguments of counsel, the pleadings, and the affidavits, and viewing the evidence in the light most favorable to the non-moving party, this Court finds that there remains a genuine issue of material fact — specifically, whether or not plaintiff and defendant actually entered into a moratorium agreement which relieved defendant of their obligations pursuant to the promissory notes. Accordingly, this Court denies plaintiff's motion for summary judgment and duly notes counsel's objections thereto.
Counsel shall prepare the appropriate judgment for entry.
[1] One of the notes was in the amount of thirty-one thousand six hundred forty-five dollars ($31,645.00) while the other was in the amount of fifty-seven thousand sixty-six dollars and eighty cents (57,066.80). Both notes required defendant to pay interest thereon.