### Edmund A. LUTZ

v.

### LUTZ ENGINEERING CO., INC.

#### No. 93–481–Appeal.

Supreme Court of Rhode Island.

Nov. 29, 1994.

Elizabeth Noonan, Carolyn Mannis, Providence.

Joseph Capineri, Pawtucket.

## ORDER

This matter came before the Supreme Court on November 16, 1994, pursuant to an

order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, the court is of the opinion that cause has not been shown. The issues raised in this appeal will be considered at this time.

In this case defendant, Lutz Engineering, appeals from the trial justice's granting summary judgment for the plaintiff, Edmund Lutz. The plaintiff had filed a complaint in Superior Court alleging defendant owed him a substantial sum of money in a non-negotiable promissory note executed on July 1, 1985. The plaintiff asserts that the note obligated defendant to pay him the principal amount of $262,753 in monthly installments of $4,227.70 from August 1985 until July 1992.[1]

The plaintiff alleged that defendant had failed to fulfill part of the agreement and did not make monthly payments from November 1988 through April 1989 and July 1991 through September 1991. However, defendant did make a June 1991 payment of $1,872.17, which was $2,355.53 less than the total installment due that month.

A moving party is granted summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as matter of law." Super.R.Civ.P. 56(c). In examining the evidence presented at the hearing the trial justice must review all evidence in the light most favorable to the non-moving party. See Holliston Mills v. Citizens Trust Co., 604 A.2d 331, 334 (R.I. 1992). The motion justice's only consideration "is whether there is a genuine issue as to any material fact which must be resolved." Golderese v. Suburban Land Co., 590 A.2d 395, 396 (R.I.1991).

The defendant submitted an affidavit by its treasurer, Norman Lutz, which alleged that the parties entered into an oral agreement whereby the monies owed by plaintiff to defendant would be assigned to the balance of the note and act as payment. The defendant further argues that this agreement by plaintiff was in personam and not corporate. Attached to the affidavit was a letter, which defendant had asserted pertains to both the counter-claim and set-off agreement.

This court has stated that a subsequent oral agreement can modify terms of a promissory note. See Lisi v. Marra, 424 A.2d 1052, 1056 (R.I.1981); Industrial Nat. Bank v. Peloso, 397 A.2d 1312, 1314 (1979).

This court has said an affidavit, "which, if believed, would constitute a valid defense," raises a genuine issue of fact. Fall River Nat. Bank v. DeMarco, 105 R.I. 136, 249 A.2d 900, 903 (1969). In this case the defendant's affidavit alleges that there was an oral agreement between the parties that satisfied the note. If these allegations are true then the plaintiff would be precluded from recovering from the defendant on the note. The defendant, therefore, has raised a material issue of fact.

For these reasons the defendant's appeal is sustained, the judgment for the plaintiff is vacated, and the papers of the case are remanded to the Superior Court for further proceedings.

WEISBERGER, Acting C.J., did not participate.

---

**1.** The plaintiff alleges that the note incorrectly    lists July 1, 1993 as the last payment date.