PR 307 West 93, LLC, Petitioner-Landlord-Respondent,
against
Luz Peralta, Respondent-Tenant, and Myriam Blanco, Respondent-Undertenant-Appellant, and "John Doe" and "Jane Doe," Respondents-Undertenants.



Respondent Myriam Blanco, as limited by her briefs, appeals from that portion of a final judgment of the Civil Court of the City of New York, New York County (Anthony Cannataro, J.), entered on or about December 16, 2016, after a jury trial, which awarded possession to landlord in a holdover summary proceeding.




Per Curiam.
Final judgment (Anthony Cannataro, J.), entered on or about December 16, 2016, insofar as appealed from, reversed, without costs, and final judgment awarded in favor of respondent Myriam Blanco dismissing the holdover petition.
A fair interpretation of the trial evidence supports the jury's finding, in response to interrogatory 1, that respondent Myriam Blanco "continuously resided in the SRO unit for at least six months prior to August 1, 2014." The trial evidence, including the testimony of respondent, two of her neighbors and her employer, established that respondent continuously resided in the subject SRO unit for some six years (since 2008), and that she was placed into possession by the building superintendent who maintained an office at the premises where respondent paid rent. Therefore, respondent qualified as a "permanent tenant" under Rent Stabilization Code [9 NYCRR] § 2520.6(j), a term broadly defined as "an individual or such individual's family members residing with such individual, who have continuously resided in the same building as a principal residence for a period of at least six months." As a result, the holdover petition is [*2]dismissed (see Einhorn v McCloud, 57 Misc 3d 139[A], 2017 NY Slip Op 51323[U] [App Term, 1st Dept 2017]; 25 W. 24th St. Realty Corp. v Gianquinto, 55 Misc 3d 28 [2017]; Kanti-Savita Realty Corp. v Santiago 18 Misc 3d 74 [2007]). 
Respondent was not required to prove the existence of a landlord-tenant relationship to attain permanent tenant status. RSC § 2520.6(j) is quite clear that the only requirement to be a "permanent tenant" is six months or more of continuous residence in a particular hotel building. Accordingly, once the jury had answered "Yes" to interrogatory 1, it was unnecessary to submit interrogatory 2 to the jurors, which asked them to determine whether landlord or its predecessor had entered into an express or implied landlord-tenant relationship with respondent. However, no harm was done by the submission of the second interrogatory, and the jurors' answer to that interrogatory was merely "a superfluous act that does not require a new trial" (Ambrose v Brown, 142 AD3d 1312, 1314 [2016], quoting Alcantara v Knight, 123 AD3d 622, 623 [2014]; see Pryor v Storke, 37 App Div 364, 365 [1899]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 02, 2018