[Civ. No. 10487.   Third Dist.   June 3, 1963.]

MABEL HUGHES, Plaintiff and Appellant, v. JOHN O. BLEVINS, as City Police Chief, etc., et al., Defendants and Respondents.

Manwell & Manwell for Plaintiff and Appellant.

Heenan & Arnoldy and Francis M. Arnoldy for Defendants and Respondents.

FRIEDMAN, J.—Between plaintiff's front yard and Lake Ellis in the City of Marysville is a gravel driveway approxi-

mately 10 feet wide, running in a north-south direction. Plaintiff, Mrs. Hughes, regards the driveway as her private property. The city regards it as a public street, being a prolongation of D Street north of 14th Street. In front of another residence separated by a single lot from plaintiff's property the driveway comes to a dead end against the outward-curving embankment of Lake Ellis. The driveway provides access to the other residence.

Between the disputed gravel driveway and a fence across Mrs. Hughes' front yard is a grassy space about 20 feet wide. The rear or opposite end of Mrs. Hughes' property is served by an undisputed city street. Her garage is located there. Usually she parks her automobile at the rear of her property. She testified that once in a while it was convenient to park her car in front, that is, in the proximity of the disputed driveway.

On September 8, 1960, the Marysville police received a report that plaintiff's car was so parked in front of her home as to block the gravel driveway or purported prolongation of D Street. Sergeant Truman Bae, of the Marysville Police Department, discussed the matter with the city engineer. The next morning he went to Mrs. Hughes' home. He told her that her car was blocking a public street and requested its removal. She refused. Sergeant Bae, with the assistance of a tow truck driver, then pushed Mrs. Hughes' car out of the disputed driveway, around the corner and parked it along the 14th Street side of her property. He then left.

One hour later he returned. Mrs. Hughes' car was again parked across the gravel drive. It was so parked that another automobile could not have been driven past without damage. The officer called a tow truck and had plaintiff's car hauled away. He made out a document called impound sheet, called upon plaintiff, gave her a copy and told her how to recover her car.

This suit followed. Its objective is to recover damages from Sergeant Bae and his codefendant, John O. Blevins, the Police Chief of Marysville, for the alleged wrongful taking of plaintiff's automobile. The trial court found the disputed driveway to be a dedicated city street as shown upon an official, recorded map of the City of Marysville dated March 22, 1856, and that the dedication had been duly accepted by the city council. Recovery was denied and this appeal followed.

■ It is evident that plaintiff chose to park her automobile across the gravel strip as a means of asserting her claim to

its title. Her quest for vindication through the medium of a lawsuit seeking to fasten personal liability on two police officers must be rebuffed, not on the merits of her claim, but because she has chosen an inappropriate juridical vehicle. The disputed driveway was regarded as a public street by the officials of the City of Marysville. There is no allegation or evidence of bad faith, oppression or malice on their part. The trial court's findings demonstrate that the city had at least a colorable claim. It was not Sergeant Bae's province to accept Mrs. Hughes' claim or to denigrate the city's. His duty was to enforce parking regulations, not to make title decisions. His duty being so delineated, he wes acting within its scope when he impounded Mrs. Hughes' car. Under a perfectly evident, widely known, and well-settled principle of California law, these public officers—even if mistaken as to city ownership of the real estate in question—incurred no personal liability. (*Lipman* v. *Brisbane Elementary School District,* 55 Cal.2d 224 [11 Cal.Rptr. 97, 359 P.2d 465]; *Hardy* v. *Vial,* 48 Cal.2d 577 [311 P.2d 494]; *Coverstone* v. *Davies,* 38 Cal.2d 315 [239 P.2d 876]; *White* v. *Towers,* 37 Cal.2d 727 [235 P.2d 209, 28 A.L.R.2d 636]; *Elder* v. *Anderson,* 205 Cal.App.2d 326 [23 Cal.Rptr. 48].)

Judgment affirmed.

Pierce, P. J., and Schottky, J., concurred.