306 A.2d 182.

JAMES R. CAVANAUGH *vs.* ALFRED F. PALANGE *et al.*

JUNE 28, 1973.

PRESENT: Roberts, C. J., Paolino, Powers and Kelleher, JJ.

ROBERTS, C. J. This is a civil action brought to recover damages resulting from an alleged conversion of the plaintiff's motor vehicle by the defendants, Alfred F. Palange, a member of the South Kingstown Police Department, and Edward J. McKenna, an investigator employed by the Registry of Motor Vehicles of the State of Rhode Island. Jury trial was waived, and the case was tried to a justice of the Superior Court. At the conclusion of the plaintiff's case, each defendant moved for an involuntary dismissal of the cause pursuant to the provisions of Super. R. Civ. P. 41(b)(2). The motion was granted with respect to each defendant, judgment entered, and the plaintiff is now prosecuting an appeal from that judgment to this court.

On June 14, 1967, plaintiff was stopped by a South Kingstown police officer for having loud mufflers on his car. The officer issued a five-day repair tag to plaintiff pursuant to G. L. 1956 (1968 Reenactment) §31-38-2. Subsequently,

on June 24, 1967, plaintiff was again stopped. He testified that the policeman instructed him to bring his car to the police station. At the station Lieutenant Palange came out and asked plaintiff to start the car. The plaintiff refused but gave the officer his keys. After listening to the car, Palange informed plaintiff that he was holding the car for the state inspector to examine the altered exhaust system.

On June 27, Edward J. McKenna dispatched an investigator to inspect the car. That investigator found cutouts in the exhaust system and removed the plates from the vehicle. After being informed by the police of the investigator's action, plaintiff had the car towed to a garage, where it remained approximately five weeks until a new exhaust pipe arrived from Detroit. On August 8, Mr. McKenna sent another investigator to examine the car. The investigator found the repairs satisfactory, and plaintiff procured his plates from the registry.

In granting the motion for an involuntary dismissal, the trial justice concluded that plaintiff had failed to state a cause of action. He based his ruling on his conclusion that defendants' acts were authorized by statute and that, as public officers, they were immune from a suit of this nature.

On appeal, both sides argue the issue of authority of the police to impound the vehicle. Express statutory authority for such police action is rather limited. Section 31-38-2 allows a police officer to issue written notice to a driver of an improperly equipped vehicle, giving him five days to repair the faulty condition. Section 31-38-3 provides that in the event of noncompliance with the notice, the vehicle shall not be operated except to return it to the residence or place of business of the driver, if within 20 miles, or to a garage. However, any vehicle "* * * found to be in such unsafe condition as to brakes, steering or other equipment as to be hazardous to permit it * * *" to be driven shall

not be operated at all under its own power. Section 31-38-12 imposes a penalty of up to $100 fine and 30 days imprisonment for violations of §31-38-2 or §31-38-3.

A muffler cutout renders an exhaust system defective and unlawful. §31-23-13. Whether such a cutout constitutes an unsafe condition which would make the automobile too hazardous to drive is a question of fact. In that the record is devoid of any evidence on this issue, we must assume for purposes of this appeal that a defective exhaust is not one of those conditions which require that the police and registry prevent the automobile from being operated under its own power. Inasmuch as the motion for involuntary dismissal was granted before defendants' case was presented, we have no evidence before us which would establish that Lieutenant Palange was acting with knowledge that plaintiff had received a five-day notice previously and had failed to comply with its provisions, in which case the operation of the vehicle under a continuing defect would be improper under §31-38-3. Upon the evidence before us, Lieutenant Palange exceeded his authority in impounding the car. Rather, he should have instructed plaintiff to take the vehicle to his home or to a garage and not to drive it until it was repaired.

However, plaintiff misconceives the thrust of the trial justice's decision dismissing his complaint. The trial justice did not rely primarily upon his belief that the officer's action was authorized under the statutory scheme, nor did he indicate that conversion does not lie under the instant facts. Rather, he said: "I know of no theory which allows damages against public officials who are carrying out their duty, and I fear that any such theory would result in chaos." The trial justice's decision was based clearly upon his belief that an immunity from civil liability exists for police officers when acting in the good-faith performance of duty where malice or oppression are absent, despite the overzealousness

684

of the action. *See Hughes* v. *Blevins,* 216 Cal. App.2d 798, 31 Cal. Rptr. 372 (1963).

This court has never passed on precisely that question, and, therefore, we take no position whatsoever on the merits of the trial justice's statement of the law.[1] However, the plaintiff has failed to address himself in any way to the question of immunity from civil suit under the circumstances outlined above. We have held repeatedly that any point of appeal which is not briefed and argued is deemed to have been waived. In *Sunny Day Restaurant, Inc.* v. *Beacon Restaurant, Inc.,* 103 R. I. 707, 241 A.2d 295 (1968), we said that under our rules the appellant must identify the issue he intends to raise, articulate his points of argument, and indicate authoritative sources upon which he relies. In view of the important and far-reaching effect of this question, it is totally inappropriate for this court to rule on the issue where the plaintiff has deprived the court of the benefit of strong research of the full legal and policy issues presented in an adversary context. Therefore, that issue is deemed to have been waived, and the trial justice did not err in granting the motion for an involuntary dismissal.

The plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the cause is remanded to the Superior Court.

Mr. Justice Powers participated in the decision but retired prior to its announcement. Mr. Justice Joslin and Mr. Justice Doris did not participate.

*Aram K. Berberian,* for plaintiff.

*Richard J. Israel,* Attorney General, *W. Slater Allen, Jr.,* Assistant Attorney General, for defendants.

---

[1] The law in this area is volatile, and various states have taken widely divergent views. 3 Davis, *Administrative Law Treatise* §§26.03 & 26.05 (1958, Supp. 1970).