HARRY BROOKS *vs.* ISRAEL J. JOSEPHSON.

JULY 6, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

(1)  *Bills and Notes. Joint Makers. Accommodation Maker. Consideration.*

The discharge without payment of a former note given to payee for the preexisting debt of one of the joint makers, was consideration to such joint maker for the renewal note and the advantage to the joint maker from this forbearance was sufficient consideration to bind the other joint maker who signed for the accommodation of the former.

(2)  *Bills and Notes.  Accommodation Parties.*

Whether or not a holder for value of a negotiable note had knowledge that one of the joint makers was an accommodation maker, would not affect the liability of such accommodation maker.

(3)  *Bills and Notes.  Parol Contemporaneous Agreements.*

Evidence of a parol agreement contemporaneous with a promissory note containing an absolute promise to pay, cannot be received to contradict the terms of the note and to relieve a maker from the obligation of such promise nor to relieve an indorser from his liability.

ASSUMPSIT.  Heard on exceptions of defendant and overruled.

SWEETLAND, C. J.  This is an action of the case in assumpsit to recover upon a negotiable promissory note of which it is alleged the plaintiff is the present holder and the defendant is one of three joint and several makers.

The case was tried before a justice of the Superior Court sitting with a jury. At the conclusion of the evidence the justice directed a verdict in favor of the plaintiff for the face of the note with interest, amounting in all to $844. The case is before us upon the defendant's exception to this action of the justice and upon certain other exceptions taken by the defendant to rulings of the justice in the course of the trial.

The note in suit by its terms is payable in four months, and is signed by the Narragansett Clothing Co., the defendant, and one Barnet Segal as joint and several makers. The payee is Israel Pokross. Both the plaintiff and the payee Pokross testified that the note was indorsed and delivered to the plaintiff before maturity upon payment by him to Pokross of the amount of the face of the note in cash. Although the defendant's counsel in argument seeks to throw some discredit upon this evidence the only reasonable finding is that the evidence was uncontradicted; and the justice was warranted in treating the plaintiff as a holder for value before maturity.

(1)  Both the defendant and Pokross testified that the note was given in renewal of a previous one, on which the defendant was also one of three joint and several makers, and that the original note was given to the payee for a pre-existing debt owed to Pokross by the co-maker Segal. The defendant testified that he received nothing from the payee as consideration for the note; that he signed it solely for the accommodation of Segal; that these facts were known to Pokross at the time he received the note, and also were known to the plaintiff before he became the holder. From this the defendant urges that there should be no recovery against him as there was no consideration for the note arising in his favor. The justice at the trial ruled adversely to this claim, the defendant excepted to the ruling, and has brought his exception here. The discharge, without payment, of the former note given to Pokross for the pre-existing debt of Segal was consideration to Segal for the
(2)  renewal note now in question. The advantage to Segal

from this forbearance is sufficient consideration to bind the defendant.   The evidence is not clear that the defendant claims knowledge on the part of the plaintiff that the defendant was merely an accommodation maker.   Whether or not the plaintiff, as a holder for value, had such knowledge would not relieve the defendant from liability.   Section 35, Chapter 227, General Laws 1923.

Counsel for defendant contended before us that the direction of a verdict for the plaintiff was erroneous by reason of the defendant's testimony that the payee Pokross at the time of the delivery of the note agreed with the defendant that, although he had signed the note as a joint maker, Pokross would not hold the defendant liable thereon; that this agreement of the payee was known to the plaintiff before the note was transferred to him, and that this testimony of the defendant presented an issue which should have been submitted to the jury.   An examination of the transcript raises a doubt as to whether the defendant intended to testify as his counsel now claims.   He was insisting that he received no consideration for the note; that his co-maker Segal, for whose accommodation he signed, promised to pay the note and see that he was held harmless, and that this agreement between the defendant and Segal was made in the presence of the payee Pokross and was known to him. In answer to a series of somewhat confusing leading questions the defendant appears to testify that the payee Pokross also agreed to hold the defendant harmless on the note.   Such claim, if the defendant intended to make it, is inconsistent with the following testimony given by him earlier at the trial.   He then said, in explanation of his signature on the note, "Mr. Segal owed money to Pokross, the way I understood, and Segal was afraid of Mr. Pokross coming here to close him up or put a sheriff in his place and so on, and Mr. Pokross told him he didn't care to have any more of his notes, so he came to me and asked me to accommodate him. I should sign the note."   In these circumstances he became an accommodation maker.   If, however, the testimony of

the defendant should be taken at the full value which counsel claims, it does not in law present an issue for the jury. The alleged agreement was oral. The circumstances here are distinguishable from the state of facts appearing in *Lopato* v. *Hayman*, 43 R. I. 271. In conformity with the provisions of the negotiable instruments act, (Sec. 22 and Sec. 34, Chapter 227, Gen. Laws 1923) the court in that case approved the admission of evidence of an oral agreement between the immediate parties to the note then in suit, that it was not delivered "for the purpose of transferring the property in the instrument," and also evidence to show an absence of consideration. There are cases from other jurisdictions, in each of which a court has admitted evidence and given validity to an alleged oral agreement, contemporaneous with a note, that the note is not to be enforced against a maker or an indorser, notwithstanding his signature thereon. In our opinion the sounder reason and the great weight of authority is that evidence of a parol agreement, contemporaneous with a promissory note containing an absolute promise to pay, can not be received to contradict the terms of the note, and to relieve a maker from the obligation of such promise, nor to relieve an indorser from the liability which in law arises from his indorsement.

(3)

The defendant takes nothing by his other exceptions. All of the defendant's exceptions are overruled. The case is remitted to the Superior Court with direction to enter judgment upon the verdict.

*Sheffield & Harvey*, for plaintiff.
*Max Levy*, for defendant.