ALICE N. CASE *vs.* MORTGAGE GUARANTEE & TITLE CO.

FEBRUARY 5, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

STEARNS, C. J. The action is trespass on the case for negligence. The case is in this court on plaintiff's bill of exceptions. The only exception is to the decision of the Superior Court sustaining a demurrer to the declaration.

The declaration alleges that defendant corporation on January 5, 1927, was engaged in business as a conveyancer, a title examiner and an insurer of title to real estate; at the request of plaintiff's agent, one Armour, defendant agreed to examine the title to a parcel of land in Providence,

to prepare a mortgage note and a mortgage deed from the owners of the land to Armour and to issue a policy of title insurance to him; that it was the duty of defendant to use due care in examining the title and to ascertain all material facts with respect to defects of title to liens or encumbrances on the property and what amounts, if any, were due to the first mortgagee for taxes, interest, insurance premiums, and any other information which would indicate when the first mortgagee was entitled to foreclose his mortgage.

The breach of duty alleged is the failure of defendant to use due care in examining the title and in reporting to Armour that the title was free and clear in the owners of record, except for a reservation for sewer and water pipes in the land and a mortgage of $12,000 to Robert L. Walker Company executed November 9, 1922, and recorded in the office of the recorder of deeds in Providence in Mortgage Book # 449, page 31. It is also alleged that defendant neglected to ascertain and advise plaintiff that there were arrears of taxes, interest and insurance premiums due on the first mortgage which was then in default.

The documents for the mortgage and the assignment of the mortgage were prepared by defendant and were properly executed, and defendant issued its policy of title insurance to Armour. A few days thereafter, in pursuance of an agreement between the plaintiff, Armour and the defendant, the second mortgage and the policy of title insurance were transferred by Armour to the plaintiff.

Plaintiff alleges that she believed she was taking a second mortgage subject to a first mortgage for $12,000 only; that she later learned that the first mortgage was subject to foreclosure. The first mortgage was foreclosed in 1930 and the property was sold for $15,000. Plaintiff's mortgage security was found to be of no value.

As the conveyances were properly prepared and duly executed, the negligence of defendant, if any, is for failure to use due care in the examination of the title. The duty

of defendant as examiner of title is founded on the agreement of the parties. In the absence of any special agreement the duty of a title examiner is to exercise such care and skill as a qualified examiner engaged in such an occupation would properly be required to exercise in the circumstances.

The statute (G. L. 1923, C. 297, Secs. 6 and 7) specifies the instruments which are entitled to be recorded and provides that, when recorded, the records shall be constructive notice to all persons of the proper contents of such instruments.

In the case at bar the first mortgage was duly and legally recorded at the time of its execution. The terms of the mortgage are not set out in the declaration nor does it appear when or how the mortgage became subject to foreclosure. Plaintiff, a second mortgagee, was a purchaser within the meaning of the recording statute. Jones on Mortgages, ¶ 459. As the purchaser of the equity of redemption plaintiff took the estate charged with the payment of the senior mortgage debt. Such a debt includes payments by the first mortgagee of premiums of insurance against fire, if the mortgagor has made such an agreement, also payments of taxes made by the mortgagee to protect his security and of interest at the rate specified in the mortgage or at the rate established by law. Jones on Mortgages, ¶ ¶ 1596, 1597 and 533. If interest is not stipulated for in the mortgage deed, it is an invariable legal incident of the principal debt from the day of default when the debtor knows precisely what he is to pay and when he is to pay it. *Spencer* v. *Pierce,* 5 R. I. 63. The time of payment of the senior mortgage may be extended by parol agreement so that there will be no default within the meaning of the mortgage deed. Jones on Mortgages, ¶ 1179. The senior mortgagee in the absence of fraud or misrepresentation is usually under no obligation to give notice of his rights to the junior incumbrancer. *Brunette* v. *Myette,* 40 R. I. 546; *Bank of U. S.* v. *Lee,* 5 Cranch. C. C. 319.

Defendant made a correct and complete report of the title of record. Title is the means by which an estate is acquired. In undertaking to examine the title defendant did not thereby become a guarantor of the value of the second mortgage nor was it bound to protect plaintiff from legal claims upon the mortgaged premises which were unknown and not recorded. For example, this court decided in *Bassett* v. *Swarts,* 17 R. I. 215, that the excavation for the cellar and driving foundation piles for a building were the commencement of the erection and construction of such building under the mechanic's lien law, and that this was constructive notice to all persons who may subsequently acquire any interest in the property by purchase or mortgage that a lien for labor and materials may attach and become entitled to priority.

Defendant did not engage to act as the attorney and legal adviser for plaintiff. It was a corporation and it could not lawfully so act. There is no presumption that interest has been paid unless the mortgage shows this. If defendant had inquired as to the total amount due for taxes, interest and insurance, the first mortgagee was under no legal obligation to make an accounting for the benefit of plaintiff. Plaintiff's loss of security for the debt was due to ignorance of the legal rights of the senior incumbrancer. For such loss the title examiner who made a correct report of the records of title is not responsible.

The plaintiff's exception is overruled and the case is remitted to the Superior Court for further proceedings.

*Huddy & Moulton, E. Butler Moulton,* for plaintiff.

*Voigt, Wright & Munroe, Ernst T. Voigt,* for defendant.