FREDERICK PHILLIPS *vs.* COLUMBUS WHOLESALE GROCERY
COMPANY.

FEBRUARY 8, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. In this action of assumpsit the trial justice in the superior court directed the jury to return a verdict for the plaintiff. The case is before this court on the defendant's exception to this ruling.

The plaintiff is a flour broker of Boston, Massachusetts; the defendant, Antonio Pennacchia, doing business as the Columbus Wholesale Grocery Company, is a wholesale grocer in the city of Providence, in this state. Using a printed form of the "Millers' National Federation Uniform Sales Contract", which was filled out in typewriting to conform with the order and then signed by both parties, the defendant agreed to buy from the plaintiff two hundred and ten barrels of flour at $7.25 a barrel, the flour to be packed by the mill in paper bags with the label "Columbus Best" printed thereon.

A typewritten provision of the contract provides that the flour was to be shipped from the mill in Portland, Oregon, to the plaintiff in Providence by "S. S. Lines . . . upon arrival of the bags in Portland." The contract is dated October 5, 1935, and the flour, packed and marked in conformity with the order, arrived in Providence on December 15, 1935. The defendant refused to accept the flour, claiming that there had been undue delay in delivery. The plaintiff thereupon sold the flour to another Providence concern and now seeks to recover the loss that he sustained by reason of the defendant's refusal to accept the flour, which, with all charges and interest amounts to $183.86.

The evidence shows that the bags for the defendant's flour, with the words "Columbus Best" printed thereon as required by the defendant, were ordered without delay by the mill from a factory in Wellsburg, West Virginia, which manufactured the kind of paper bags used in the flour trade; that the bags reached the mill about October 30, 1935 and that the flour, packed as called for by the contract, was shipped November 12, 1935, on the very next boat that left Portland, Oregon, for this city after the bags were received by the mill.

The defendant was allowed to testify, without objection, that three days before October 5, 1935, the date of the written contract in this case, the plaintiff told him: "I will get the bags and have it (the flour) shipped on the October 8th boat . . ." Yet in his letter to the plaintiff of even date with the contract we find him urging the plaintiff to have the mill ship him at once seventy-five barrels of certain designated stock brands of flour on the boat leaving Portland, Oregon, October 8, because, as he himself expresses it, "before my Columbus flour comes in it will be a long, long time."

The defendant further testified, also without objection, that he had received flour within four or five weeks under previous contracts like the one in suit. An examination of the testimony on this point shows that, in all these other

instances, this period of time was computed by the defendant from the date of invoice and not from the date of the order, as he seeks to do in this case. If we apply this test to the facts in the instant case, the defendant cannot complain, as the flour was invoiced to him on November 18, 1935, and it arrived in Providence on December 15, 1935.

The defendant derives no advantage from the statement alleged to have been made by the plaintiff some three days before the signing of the written contract between the parties. It is a rule of substantive law, uniformly followed by this court, that an agreement reduced to writing cannot be contradicted, altered, added to or varied by declarations and parol understandings of the parties occurring before or at the time of the execution of the written instrument. *Myron* v. *Union Railroad Co.,* 19 R. I. 125; *Vaughan* v. *I. B. Mason & Sons,* 23 R. I. 348; *Kenney* v. *Foster & Bros. Co.,* 25 R. I. 474; *Cameron & Ingalls* v. *Providence Body Co.,* 43 R. I. 573; *Kuzoian* v. *Jaffa,* 52 R. I. 367. In the absence of fraud, mutual mistake or other similar cause, the parties are bound by the terms of the written instrument. Furthermore, this court has repeatedly held that when the terms of a contract or other instrument in writing are clear, its construction is for the court. *Cochran* v. *Lorraine Mfg. Co.,* 52 R. I. 17, and cases cited. See also *Allen* v. *Perrino,* 55 R. I. 353, 356.

There is nothing in the evidence before us to indicate that the contract in the instant case was not written just as the parties intended. It is complete in form and sets out the agreement between the parties in plain and unambiguous language. There is no claim of fraud or mistake in its preparation. In these circumstances the defendant is bound by the contract that he signed and cannot be permitted to contradict or vary it by an oral statement that he claims was made by the plaintiff before its execution, even though such statement may have been introduced in evidence without objection from the plaintiff.

The defendant argues that it was for the jury to decide when the bags arrived at the mill, and that this was an im-

portant element in determining whether the delivery of the flour to him was or was not unduly delayed. The answer to this argument is that in the transcript before us there is no evidence, even by way of reasonable inference, which contradicts the plaintiff's testimony as to when the bags did arrive at the mill.

Construing the contract in the light of the real evidence in the case, and no question being·raised respecting the damages, we find that the trial justice properly directed a verdict for the plaintiff. ·

The defendant's exception is overruled and the case is remitted to the superior court for the entry of judgment on the verdict as directed.

*Jacob S. Temkin, Temkin & Temkin,* for plaintiff.

*Thomas J. Paolino,* for defendant.