241 A.2d 295.

SUNNY DAY RESTAURANT, INC. *vs.* BEACON RESTAURANT, INC. *et al.*

APRIL 22, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. This is a companion case to *Beacon Restaurant, Inc.* v. *Adamo,* 103 R. I. 698, 241 A.2d 291. It is before us on the plaintiff's appeal from a judgment of the superior court which granted the defendants' motion to dismiss the instant complaint for lack of jurisdiction over the subject matter. We shall refer to the plaintiff as "Sunny Day," the defendant Beacon Restaurant, Inc. as "Beacon" and the defendants who have been sued in their capacities as members of the Westerly town council and as the board of license commissioners in that town as "the council."

This complaint was filed on the same day, to wit, March 16, 1967, that the superior court in the companion case ordered the writ of mandamus to issue, directing the council

to set a date, and advertise and hold a hearing on the proposed transfer of the class B victualler beverage license from Sunny Day to Beacon. As we compare the records of both cases, we find that the town council at one point was in the unenviable position of being the recipient of two diametrically opposed orders of the superior court. One which was issued pursuant to a writ of mandamus in the *Beacon* suit directed the council to consider the transfer while the other order which was issued when the instant complaint was filed prohibited the council from taking any action whatsoever. The testimony adduced at the hearing below shows that Sunny Day has continued to operate its tavern without any hindrance since the time the transfer application was filed with the council.

An analysis of Sunny Day's complaint and the testimony presented to the superior court leads us to the conclusion that the ruling of the trial justice in dismissing Sunny Day's complaint is correct. In effect, we believe the complaint seeks a determination of issues relative to the transfer of the liquor license which is the exclusive prerogative of the council. Whether the application filed with the council is to be granted or denied is a matter within the original and sole jurisdiction of the town council with a right of appeal to the liquor control administrator by virtue of G. L. 1956, §3-7-21. Any appeal taken thereafter is to the superior court pursuant to §42-35-15, as amended. There is no jurisdiction in the superior court to entertain the instant complaint.

The plaintiff further contends that defendants' motion to dismiss was improperly before the court because of their failure to comply with the notice requirements of rule 6(c) of the superior court rules of civil procedure. Rule 15(c) of this court requires that a party identify the issue he intends to raise, articulate his points of argument thereon and indicate the authoritative sources upon which he relies.

In its brief, plaintiff simply makes the bald declaration that the trial justice's action in granting defendants' motion is contrary to the provisions of rule 6(c) and is therefore erroneous. The plaintiff cited no authority for this proposition and otherwise failed to comply with the mandates of rule 15(c). Accordingly, we hold that by reason of the plaintiff's failure to observe our rules, its argument of untimely notice is deemed waived. *cf. McSoley* v. *McSoley,* 91 R. I. 61, 161 A.2d 216; *Gower* v. *Gower,* 101 R. I. 719, 227 A.2d 191.

The plaintiff's appeal is denied and dismissed, and the judgment appealed from is affirmed.

*Frank S. Cappuccio, Louis B. Cappuccio,* for plaintiff.

*Natale L. Urso, John J. Adamo* (Attorneys for Beacon Restaurant, Inc. and Natale A. Felicetti), *Joseph J. Parrilla,* Town Solicitor (Attorney for Henry M. Morris, et al.), for defendants.