397 A.2d 1312.

INDUSTRIAL NATIONAL BANK OF RHODE ISLAND
*vs.* GEORGE PELOSO, SR.

FEBRUARY 19, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

WEISBERGER, J.  This is an appeal by the defendant, George Peloso, Sr., from an order of the Superior Court which granted the plaintiff bank's motion for summary judgment in the total amount of $10,200 plus interest and costs in a civil action on a promissory note. The sole issue on appeal is whether the trial justice erred in granting the bank's motion for summary judgment.

On January 19, 1977, plaintiff bank filed a complaint to recover the principal and interest due on a promissory note executed by defendant. The complaint also sought recovery of reasonable attorney's fees as provided in the note. The defendant, in his answer, simply denied the allegations in the complaint. The defendant also denied the allegations in the amended complaint which corrected the amount of claimed damages.

On March 25, 1977 the bank filed a motion for summary judgment with supporting affidavits as provided in Super. R. Civ. P. 56(a). The motion asserted the bank's right to recover because there were no disputed facts to be decided. One

supporting affidavit was sworn to by a bank manager who stated that defendant had executed and delivered a discount promissory note to the bank on or about March 24, 1976, and that defendant had defaulted on the note and owed the sum of $7,500 plus interest, attorney's fees and court costs. The affiant also stated that to his best personal knowledge and belief defendant had no valid defense to the claim. The amount of attorney's fees was set forth in a separate affidavit and a copy of the note was attached to the motion.

The defendant, in his sworn affidavit in opposition to the motion, admitted that the note was in default. He stated, however, that he had spoken with a senior classified specialist employed by the bank regarding the loan. The defendant stated that in consideration of the bank regarding the note as not in default, an agreement had been reached under which defendant would provide a mortgage on certain property owned by defendant and located in Johnston, Rhode Island, as security for the obligation which was to be rewritten on a time basis, renewable with interest. The defendant stated that he was willing and able to carry out the agreement but that plaintiff refused to carry out its part. After a hearing, the trial justice granted plaintiff's motion for summary judgment.

Under Super. R. Civ. P. 56(c), a summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The purpose of summary judgment procedure is issue finding, not issue determination. *O'Connor* v. *McKanna*, 116 R.I. 627, 359 A.2d 350 (1976); *Slefkin* v. *Tarkomian*, 103 R.I. 495, 238 A.2d 742 (1968). Thus, the only task of a trial justice in passing on a motion for summary judgment is to determine whether there is a genuine issue concerning any material fact. *Rhode Island Hospital Trust National Bank* v. *Boiteau*, 119 R.I. 64, 376 A.2d 323 (1977). When an examination of pleadings, affi-

davits, admissions, answers to interrogatories and other similar matters, viewed in a light most favorable to the party opposing the motion, reveals no such issue, the suit is ripe for summary judgment. *Id.; O'Connor v. McKanna, supra.*, The trial justice, however, may not pass on the weight or credibility of evidence. *Palazzo v. Big G Supermarkets, Inc.*, 110 R.I. 242, 292 A.2d 235 (1972).

The plaintiff makes two arguments in support of its position that the trial justice did not err in granting summary judgment although defendant, in his affidavit, raised the issue of the subsequent oral agreement concerning the note. First the bank argues that defendant's affidavit improperly presented an affirmative defense which should have been raised in defendant's answers. *See* Super. R. Civ. P. 8(c). Presumably, the thrust of this argument is that the defense was thereby waived. *See* Super. R. Civ. P. 12(h). We do not agree. If we assume without deciding that the alleged oral agreement constituted an affirmative defense, we nevertheless believe that the defense was properly raised in the affidavit in opposition to the motion for summary judgment. In *Air-Lite Products, Inc. v. Gilbane Building Co.*, 115 R.I. 410, 347 A.2d 623 (1975), we held that the defense of *res judicata* had been properly raised by a defendant's memorandum in support of its own Rule 56 motion although that defendant had not raised the defense in an answer or amended answer. We observe that *res judicata* is normally pleaded as an affirmative defense under Super. R. Civ. P. 8(c) but that

> "where no substantive rights are in jeopardy the manner in which the defense is raised has little or no import."

*Id.* at 422, 347 A.2d at 629. *See McLain v. Jarecki*, 107 F. Supp. 148 (N.D. Ill. 1952).

Our holding in *Air-Lite Products, Inc.* is consonant with the principles expressed in *Curry v. Mackenzie*, 239 N.Y. 267, 146 N.E. 375 (1925). There the defendant's answer was in substance a general denial but the affidavit in opposition to a motion for summary judgment raised the defense of

partial payment. Speaking for the court, Judge Cardozo stated the defense had been properly raised.

> "The defendant's affidavit discloses a defense also of part payment, in that he paid for the later services after he was no longer general manager. His answer in that regard is, it is true, defective, for payment should have been stated as a defense, partial, if not complete, and is not to be proved under a denial. The facts, however, have now been shown, and the answer, though imperfect, may be amended at the trial or sooner."

239 N.Y. at 272, 146 N.E. 1t 376.

In addition, we observe courts in other cases have held that where facts appear in an affidavit in opposition to a motion for summary judgment which would justify an amendment of pleadings, such an amendment should not be prevented by the entry of final judgment. *Rossiter* v. *Vogel*, 134 F.2d 908, 912 (2d Cir. 1943); *Delson* v. *Minogue*, 190 F. Supp. 935, 937 (E.D.N.Y. 1961); *cf. Bergren* v. *Davis*, 287 F. Supp. 52 (D. Conn. 1968) (motion by intervening defendants for leave to file an amended answer).

In the present case, the subsequent oral agreement could be interposed as a defense upon an amendment of defendant's pleadings, and we believe that plaintiff is not prejudiced at this stage of the proceedings by the manner in which the defense was raised in opposition to the motion for summary judgment. Therefore, we conclude defendant's failure to include the defense of the subsequent oral agreement concerning the note in either his answer or amended answer did not prevent defendant from raising that defense in his affidavit in opposition to the motion for summary judgment.

The plaintiff's second argument is that the subsequent oral agreement is nothing more than an attempt to vary the terms of a written agreement by parol evidence. We observe that G.L. 1956 (1969 Reenactment) §6A-3-118 does not state a special parol evidence rule for commercial paper, *American Underwriting Corp.* v. *Rhode Island Hospital Trust Co.*, 111

R.I. 415, 303 A.2d 121 (1973), and that the parol evidence rule merely renders inadmissible any evidence of prior or contemporaneous collateral agreements aimed at altering, varying or contradicting a written document in the absence of fraud or mistake. *Id.; Supreme Woodworking Co.* v. *Zuckerberg,* 82 R.I. 247, 107 A.2d 287 (1954); *Phillips* v. *Columbus Wholesale Grocery Co.,* 60 R.I. 47, 197 A. 197 (1938); *Brooks* v. *Josephson,* 47 R.I. 78, 129 A. 812 (1925). A written contract, however, may be modified by a subsequent oral agrement, *Bohlinger* v. *Kagan,* 147 F. Supp. 910 (D.R.I. 1956); *accord, Case* v. *Mortgage Guarantee & Title Co.,* 52 R.I. 155, 158 A. 724 (1932); *Whipple* v. *Rhode Island Hospital Trust Co.,* 155 A. 587 (R.I. 1931), and the parol evidence rule does not prohibit admission of evidence aimed at establishing such a modification.

The instant facts are analogous to those before the court in *Fall River National Bank* v. *DeMarco,* 105 R.I. 136, 249 A.2d 900 (1969), where plaintiff sought recovery of an overdue promissory note. There the defendants alleged in a second amended answer that a subsequent agreement between the parties altered the terms of payment. The factual circumstances of the alleged subsequent written instrument were raised by one defendant in his affidavit in opposition to the plaintiff's motion for summary judgment. Summary judgment was entered for the plaintiff but on appeal we held that, if believed, the facts presented in the defendant's affidavit raised a genuine issue which constituted a valid defense. Consequently, we held that the plaintiff's motion for summary judgment had been improperly granted.

In the present case the defendant's affidavit raises an issue of material fact which, if believed, would also constitute a valid defense to the plaintiff's action on the promissory note.[1]

---

[1]At oral argument, the plaintiff obliquely suggested that the statute of frauds forecloses consideration of the oral agreement asserted by the defendant. We believe any contention regarding the statute of frauds must await elucidation of the facts at trial. In any event, the plaintiff's passing reference to the statute of frauds did not raise the issue in the manner contemplated by Rule 16 of this court. *See*

We therefore conclude that the trial justice erred in granting the plaintiff's motion for summary judgment.

The defendant's appeal is sustained, the judgment is vacated, and the case is remanded to the Superior Court for further proceedings.

*Philip R. De Sano*, for plaintiff.

*Gunning, LaFazia & Gnys, Inc., Bennett R. Gallo*, for defendant.

*Berberian* v. *New England Tel. & Tel. Co.*, 117 R.I. 629, 636-37, 369 A.2d 1109, 1113-14 (1977); *Devereaux* v. *Kelly*, 106 R.I. 499, 501, 261 A.2d 843, 844 (1970); *Sunny Day Restaurant, Inc.* v. *Beacon Restaurant, Inc.*, 103 R.I. 707, 241 A.2d 295 (1968).