**Louis A. REGNIER**

v.

**Paul W. CAHILL.**

**No. 91–328–Appeal.**

Supreme Court of Rhode Island.

Jan. 7, 1993.

Steven K. Parnagian, Lynch & Greenfield, Providence, for plaintiff.

Stephen P. Nugent, Providence, for defendant.

OPINION

MURRAY, Justice.

This case came before us on the defendant's appeal from a Superior Court order granting the plaintiff's motion for summary judgment in an action arising out of the defendant's default on a promissory note. The sole issue is whether the trial justice erred in granting the plaintiff's motion for summary judgment when evidence was presented that a foreclosure sale resulted in a surplus rather than a deficiency in the amount owed to the plaintiff. After careful review of the record we reverse the judgment of the Superior Court.

On September 1, 1988, defendant, Paul W. Cahill, and Stephen J. Cahill executed and delivered a promissory note to plaintiff, Louis A. Regnier, in the amount of $90,000 with interest to accrue thereon at the rate of 15 percent per annum from that date. Monthly interest payments were to be made in the amount of $1,125, and the balance was due in full on or before September 15, 1989. The note was secured by a first mortgage on commercial property located at 357 Main Street in East Greenwich, Rhode Island. That property was also used to secure a $60,000 loan made by a second mortgagee, Edward Amoroso.

The last payment made to plaintiff was on or about April 15, 1990. The plaintiff thereafter placed defendant and Stephen Cahill in default of the terms and conditions of the promissory note, and a foreclosure sale was scheduled for August 10, 1990. However, on August 9, 1990, Stephen Cahill filed a chapter–7 petition for bankruptcy in the United States Bankruptcy Court for the District of Rhode Island, thereby staying the foreclosure proceedings pursuant to 11 U.S.C. § 362(a) (1989). The plaintiff subsequently was granted relief from the automatic stay and rescheduled a foreclosure sale on defendant's prop-

erty for January 15, 1991, at which time plaintiff submitted the only bid for the property. That bid was in the amount of $104,000.

On December 17, 1990, plaintiff filed a motion for summary judgment against defendant pursuant to Rule 56 of the Superior Court Rules of Civil Procedure. In support of his motion, plaintiff contended that because defendant had refused to pay plaintiff the amount owed on the promissory note in accordance with the terms and conditions therein, no genuine issue of material fact existed. The defendant objected and filed a memorandum and affidavit in opposition to such motion, which alleged that no balance was owed as the amount of the bid at the foreclosure sale was greater than the amount due under the note. The defendant also objected on the grounds that there had been no answer to the counterclaim he had filed on October 5, 1990. The defendant further asserted that there had been no determination as to whether a deficiency under the note existed, that there remained genuine issues of material fact, and that plaintiff was not entitled to judgment as a matter of law.

The plaintiff's summary-judgment motion was heard before a justice of the Superior Court on January 28, 1991. The plaintiff had calculated the amount owed on the note as of that date to have been $101,120, which included the principal balance, interest and late charges at the rate set forth in the promissory note, and attorney's fees. The court thereafter granted plaintiff's motion and ordered that judgment be entered against defendant in the amount of $101,-120, inclusive of interest and costs. The trial justice also ordered that plaintiff's counsel shall notify defendant's counsel of the date and the amount in regard to the sale of the commercial property to any third party.

On or about February 12, 1991, plaintiff sold the property to a third party in the amount of $90,000. The plaintiff thereafter notified the Superior Court that the $101,120 judgment against defendant had been partially satisfied in the amount of $86,617.94, the net proceeds of the sale.

■ In the instant appeal we must consider only the propriety of granting a summary-judgment motion. When entertaining a motion for summary judgment, the trial justice shall consider only "whether there is a genuine issue of any material fact that must be resolved." *Golderese v. Suburban Land Co.*, 590 A.2d 395, 396 (R.I.1991) (quoting *Rhode Island Hospital Trust National Bank v. Boiteau*, 119 R.I. 64, 66, 376 A.2d 323, 324 (1977)); Super.R.Civ.P. 56(c). The trial justice must bear in mind that a summary-judgment motion is a drastic and dispositive remedy and, therefore, should be granted with caution. *Rustigian v. Celona*, 478 A.2d 187, 189 (R.I.1984); *Steinberg v. State*, 427 A.2d 338, 339–40 (R.I.1981). In so doing, the trial justice must consider all pleadings and affidavits in the light most favorable to the party opposing the motion for summary judgment. *Industrial National Bank v. Peloso*, 121 R.I. 305, 307–08, 397 A.2d 1312, 1313 (1979). If this examination reveals no genuine issue of material fact, then the suit is ripe for summary judgment. *Id.* at 308, 397 A.2d at 1313; *Rhode Island Hospital Trust National Bank v. Boiteau*, 119 R.I. 64, 66, 376 A.2d 323, 324 (1977).

■ When reviewing summary judgments on appeal, we must apply the same standard as the trial court and view the opposing party's material in its most favorable light. *McPhillips v. Zayre Corp.*, 582 A.2d 747, 749 (R.I.1990). In the case at bar we believe there were genuine issues of material fact that were unresolved; hence, summary judgment was inappropriate. Our study of the record reveals that the defendant had raised counterclaims and defenses that were not addressed by the trial justice. An evidentiary hearing on the merits of the defendant's counterclaims and defenses may or may not reveal the existence of genuine issues of material fact, particularly whether there is a surplus or a deficiency of moneys owed to the plaintiff. In the meantime, however, the trial court shall protect a defendant's right to present his or her defense and/or counterclaims and deny a plaintiff's motion for summary judgment. *See Berick v. Cur-*

*ran*, 55 R.I. 193, 198, 179 A. 708, 711 (1935). We therefore conclude that the trial justice erred in granting the plaintiff's motion for summary judgment.

Accordingly the defendant's appeal is sustained. The judgment is vacated, and the case is remanded to the Superior Court with instructions to proceed in accordance with this opinion.