Peter J. ROTELLI,

v.

Robert S. CATANZARO.

No. 94–697–Appeal.

Supreme Court of Rhode Island.

Dec. 6, 1996.

Peter J. Rotelli, Gary Berkowitz, Swansea, MA, for Plaintiff.

Robert Karmen, Neal James McNamara, for Defendant.

## OPINION

LEDERBERG, Justice.

This case illustrates the problems that can arise when documents executed in the course of a single transaction are discordant. A promissory note and a disbursement agreement, both signed in conjunction with the sale of a partnership, reflected conflicting understandings of when the promissory note became payable. The trial justice granted summary judgment to the plaintiff, Peter J. Rotelli, and the defendant, Robert S. Catanzaro, appealed to this Court. Because we conclude that the two instruments are ambiguous on the critical question of whether the promissory note was conditioned on full payment of a mortgage by a third party, we reverse the order of the Superior Court and remand the case for trial.

### Facts and Procedural History

The parties were partners in Greenwich Properties Limited Partnership (Greenwich), an entity formed for the purpose of developing an apartment complex in East Greenwich, Rhode Island. On December 17, 1984, the parties sold their interests in Greenwich to Diversified Historic Investors (Diversified) for a sale price of $3.6 million. The sales agreement provided that the sellers would receive $1.8 million in cash and would take a mortgage from Diversified for the remaining $1.8 million.

On December 31, 1984, the parties executed an agreement providing for disbursement of the proceeds from the partnership sale (disbursement agreement). The agreement provided that defendant would receive the mortgage payments from Diversified and

that plaintiff would be paid $100,000 as follows:

"ONE HUNDRED THOUSAND ($100,-000.00) DOLLARS, evidenced by a Promissory Note in the form attached as Exhibit 'A' hereto shall be paid out of the proceeds paid to [defendant] in accordance with the terms of a Mortgage Note substantially in the form attached as Exhibit 'A' to said Promissory Note and made a part hereof, within seven (7) business days after [defendant] has been fully paid pursuant to said Mortgage Note, estimated to be on or before January 1, 1992."

The defendant signed a promissory note (promissory note) also dated December 31, 1984, promising to pay plaintiff $100,000. The note stated:

"Payment of said principal amount in full shall be due and payable on January 1, 1992, or, if sooner in accordance with an Agreement of Sale for the sale of the Greenwich Properties Limited Partnership, effective as of December 17, 1984, within seven (7) business days after payment in full has been received by [defendant] under a certain Mortgage Note of even date herewith furnished pursuant to said Agreement of Sale, a copy of which said Mortgage Note is attached hereto and incorporated herein as Exhibit 'A1.'"

Diversified defaulted on the mortgage and never paid defendant in full. In early 1992, plaintiff demanded payment on the promissory note. After defendant refused, plaintiff filed suit to collect on the note and moved for summary judgment. The defendant responded that the note was not payable because a precondition to payment, namely, payment in full of Diversified's mortgage, had not occurred. Both parties submitted affidavits, relying in part on evidence extrinsic to the agreements, in support of their positions. After a hearing on August 23, 1994, the trial justice granted plaintiff's motion. The defendant's motion for reconsideration was denied on September 1, 1994, and defendant appealed to this court, pursuant to G.L. 1956 § 9–24–1.

## Standard of Review

Summary judgment is an extreme remedy and should be applied cautiously. *Hydro–Manufacturing, Inc. v. Kayser–Roth Corp.*, 640 A.2d 950, 954 (R.I.1994). The purpose of the summary-judgment procedure is to identify disputed issues of fact necessitating trial, not to resolve such issues. *Industrial National Bank v. Peloso*, 121 R.I. 305, 307, 397 A.2d 1312, 1313 (1979). In reviewing the granting of a motion for summary judgment, this Court is bound by the same rules and analysis as those employed by the trial justice. *Accent Store Design, Inc. v. Marathon House, Inc.*, 674 A.2d 1223, 1225 (R.I.1996); *Mallane v. Holyoke Mutual Insurance Company in Salem*, 658 A.2d 18, 19–20 (R.I. 1995). Accordingly, we will affirm a summary judgment if, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *Accent Store Design, Inc.*, 674 A.2d at 1225; *Providence Journal Co. v. Sundlun*, 616 A.2d 1131, 1133 (R.I.1992). The party opposing a motion for summary judgment bears the burden of demonstrating the existence of a disputed issue of material fact and cannot rest on allegations or denials in the pleadings, mere conclusions, or legal opinions. *Manning Auto Parts, Inc. v. Souza*, 591 A.2d 34, 35 (R.I.1991). If the affidavit of the nonmoving party alleges facts that, if believed, would constitute a valid defense, the affidavit must be taken as true and the motion denied. *Industrial National Bank*, 121 R.I. at 310, 397 A.2d at 1315.

## Analysis

In this case, defendant argued that the trial justice erred by ignoring or resolving against him a dispute concerning whether the parties had intended the promissory note to be conditioned on full payment of the mortgage by Diversified. According to defendant, the disbursement agreement plainly contemplated that the mortgage must first be paid in full before defendant's obligation on the promissory note would mature. The defendant acknowledged that the promissory note, read in isolation, did not contain a similar limitation. He maintained, however,

that the documents read together established that the parties intended such a condition or, at the very least, that an ambiguity existed justifying resort to parol evidence and thus summary judgment was not properly entered.

The plaintiff responded, first, that the promissory note was clear and unambiguous and that consideration of the disbursement agreement was improper because the promissory note did not refer to it. The plaintiff also argued that even if the two instruments were read together, they evidenced the parties' clear intent that the promissory note was not conditioned on payment in full of the mortgage. Reliance on extrinsic evidence, according to plaintiff, was improper because the agreements unambiguously expressed the parties' intent.

■ We begin our analysis by dismissing plaintiff's argument that the promissory note should not be read together with the disbursement agreement. It has long been a general rule in this jurisdiction that instruments executed "at the same time, for the same purpose and in the course of the same transaction * * * are to be considered as one instrument and are to be read and construed together."[1] *Old Kentucky Distributing Corp. v. Morin,* 50 R.I. 163, 165, 146 A. 403, 404 (1929); *see also Maderios v. Savino,* 418 A.2d 839, 842 (R.I.1980) (promissory notes executed as part of single transaction construed together to determine the mutual rights and obligations of the parties). Moreover, instruments referred to in a written contract may be regarded as incorporated by reference and thus may be considered in the construction of the contract. 17A Am.Jur.2d *Contracts* § 400 (1991). The plaintiff has conceded that he is not entitled to the protections against collateral agreements afforded to a holder in due course of a negotiable instrument.[2] *See* G.L. 1956 §§ 6A–3–119,

6A–3–305. In the instant case, both the disbursement agreement and the promissory note were dated December 31, 1984, as part of a single transaction of selling the partnership, and the disbursement agreement expressly described the promissory note as "attached as Exhibit 'A' hereto." Viewing, as we must, this evidence in the light most favorable to defendant and relying on our long-established precedents, we conclude that the promissory note and the disbursement agreement must be considered a single instrument and must be construed together.

■ We next examine whether these two documents are ambiguous. Our analysis is guided by well-settled rules for the interpretation of contracts. If a contract is clear and unambiguous, the meaning of its terms presents a question of law for the court. *Hodor v. United Services Automobile Association,* 637 A.2d 357, 359 (R.I.1994). Whether the terms of a contract are clear and unambiguous is itself a question of law, and the court may consider all the evidence properly before it in reaching its conclusion. *Westinghouse Broadcasting Co. v. Dial Media, Inc.,* 122 R.I. 571, 579, 410 A.2d 986, 991 (1980). "In determining whether a contract is clear and unambiguous, the document must be viewed in its entirety and its language be given its plain, ordinary and usual meaning." *Paradis v. Greater Providence Deposit Corp.,* 651 A.2d 738, 741 (R.I.1994). We have consistently held that a contract is ambiguous only when it is reasonably and clearly susceptible of more than one interpretation. *W.P. Associates v. Forcier, Inc.,* 637 A.2d 353, 356 (R.I.1994).

■ The disbursement agreement stated that plaintiff was entitled to payment "within seven (7) business days after [defendant] has been fully paid pursuant to said Mortgage Note, estimated to be on or before January 1, 1992." The word "after" typically indi-

---

1. This rule applies to the immediate parties even if one of the instruments is negotiable. *See* G.L. 1956 § 6A–3–119 and Official Comment 3.

2. The parties have assumed that the promissory note is a negotiable instrument subject to § 6A–3–119 and have offered differing interpretations of Comment 3 to that section. We note, however, that the promissory note contains a condition that destroys its negotiability, namely, that the note was subject to plaintiff's materially performing his obligations under a Release and Indemnification Covenant, a separate agreement signed by plaintiff on January 17, 1985. The promise to pay was thus conditional and could not form the basis of a negotiable instrument. *See* §§ 6A–3–104(1)(b) and 6A–3–105(2)(a).

cates "that a promise is not to be performed except upon a condition or the happening of a stated event." 17A Am.Jur.2d *Contracts* § 466 (1991). In this case, the condition to the promise was payment in full of the mortgage note. Because the mortgage note was never paid in full, a plain reading of the disbursement agreement yields the conclusion that the promissory note never became payable. The promissory note itself, in contrast, does not contain a similar condition. Rather, plaintiff was assured payment under the mortgage note "on January 1, 1992, or if sooner * * * within seven (7) business days after payment in full has been received by [defendant]." The fair import of the terms of the note is that plaintiff was to receive payment on January 1, 1992, at the latest. Full payment of the mortgage by Diversified could have accelerated the payment date but was not a precondition to payment on January 1, 1992.

Given this inconsistency between the disbursement agreement and the promissory note, we conclude that the transaction was ambiguous on the critical question of whether full payment of the mortgage was a precondition to payment of the promissory note. *See Fashion House, Inc. v. K mart Corp.*, 892 F.2d 1076, 1083 (1st Cir.1989) (contract language usually considered ambiguous where terms are inconsistent on their face). An ambiguity in a contract cannot be resolved on summary judgment. *Lennon v. MacGregor*, 423 A.2d 820, 822 (R.I.1980). When a contract is ambiguous, and the pleadings, discovery materials, and affidavits indicate a dispute in respect to the parties' intent, there exists a genuine issue of material fact that must be resolved by the trier of fact. *Id.* This court has held that the construction of ambiguous contract terms is a question of fact. *Clark–Fitzpatrick, Inc./ Franki Foundation Co. v. Gill*, 652 A.2d 440, 443 (R.I.1994). Parol evidence may be admitted to complete or clarify an instrument that is ambiguous on its face. *Supreme Woodworking Co., v. Zuckerberg*, 82 R.I. 247, 252, 107 A.2d 287, 290 (1954).

In this case, both parties submitted affidavits that relied on parol evidence of their contemporaneous understanding of their agreements. The plaintiff's affidavit averred that the parties initially had agreed that payment of the promissory note would be conditioned on full payment of the mortgage but that plaintiff had objected and negotiated a promissory note *deleting* the contingency. The defendant, in marked contrast, asserted that the parties had agreed that payment of the promissory note *would* be conditioned on full payment of the mortgage and that defendant's lawyer had confirmed this understanding with plaintiff.

In light of this dispute over a highly material fact, we conclude that the trial justice erred in granting the plaintiff's motion for summary judgment. The disbursement agreement and the promissory note taken together reveal an ambiguity in the parties' agreements that could not be resolved by summary judgment. *See Lennon*, 423 A.2d at 822. Instead, the parties' competing claims should be evaluated at trial where, for example, extrinsic evidence of intent, including testimony on whether the parties in fact negotiated a condition of full payment of the mortgage, or on whether one of the documents was controlling, or on how they represented their agreements to third parties, can be considered.

Consequently, we sustain the defendant's appeal, reverse the order of the trial justice, and remand this case to the Superior Court for trial.

FLANDERS, J., did not participate.