DECISION
This matter is before the court on Defendant's, Dr. Jay Schachne, Motion for Summary Judgment and Separate and Final Judgment as well as Plaintiffs' Counter Motion for Partial Summary Judgment. This Court has jurisdiction pursuant to R.I. Super. R. Civ. Pro. 56.
This action was precipitated by the August 5, 1993 death of Peter Cotsoridis, husband of plaintiff Susan Cotsoridis and father of Jason Cotsoridis. The decedent had a long history of illness, not the least of which was heart disease and he had treated with both defendants.
On August 4, 1993, the decedent kept a scheduled appointment with Dr. Johnson at which time he told Dr. Johnson that he was suffering from chest pain. The pain continued to plague the decedent through the night and into the next day at which time he decided to go back to see Dr. Johnson. It was on the way to the Dr.'s office that the decedent suffered a fatal heart attack.
There is some testimony in the record thus far indicating that after the decedent's first appointment, Dr. Johnson consulted with Dr. Schachne on the nature of the decedent's condition. Initially, the plaintiffs' instituted this suit only against Dr. Johnson because, they claim, they were unaware of this consultation between Dr. Johnson and Dr. Schachne. The plaintiffs' claim that they first became aware of this consultation after Dr. Johnson's deposition. It was at that time that Dr. Schachne became a named party.
Dr. Schachne moved for summary judgment in his favor under Rule 56 of the Superior Court Rules of Civil Procedure. The defendant sets forth two grounds in support of his motion. First, the defendant argues that the "plaintiffs' claims against Dr. Schachne are barred as a matter of law due to plaintiffs' failure to add Dr. Schachne as a defendant until after the expiration of the applicable statute of limitations period." Second, the defendant argues that "the Plaintiffs' claims against Dr. Schachne do not relate back to the date of the original complaint."
Summary judgment is a drastic remedy and should be cautiously applied. Rhode Island Super. R. Civ. Pro. 56 governing summary judgment required a trial justice to determine the necessity of trial by identifying a genuine issue of material fact in dispute.Rotelli v. Catanzaro, 686 A.2d 91 (R.I. 1996). When an examination of the pleadings, affidavits, admissions, answers to interrogatories, and other similar matters reviewed in light most favorable to the party opposing the motion reveals no genuine issue of any material fact, the suit is ripe for summary judgment. Industrial National Bank v. Peloso, 397 A.2d 1312
(R.I. 1979).
Rhode Island General Laws § 9-1-14.1(b) (1985 Reenactment) states:
 Notwithstanding the provisions of §§ 9-1-13 and 9-1-14, an action of medical . . . malpractice shall be commenced within three (3) years from the time of the occurrence of the incident which gave rise to the action; providing however, that . . . (b) in respect to those injuries or damages due to acts of medical . . . malpractice which could not in the exercise of reasonable diligence be discoverable at the time of the occurrence of the incident which gave rise to the action, suit shall be commenced within three (3) years of the time that the act or acts of such malpractice should, in the exercise of reasonable diligence, have been discovered.
Additionally, the statute of limitations applicable to wrongful death actions states that every wrongful death action shall be commenced within three years after the persons death. "With respect to any death caused by any wrongful act, neglect, or default which is not known at the time of death, such action shall be commenced within three (3) years of the time that the wrongful act, neglect or default, in the exercise of reasonable diligence, should have been discovered." R.I.G.L. § 10-7-2
(1985 Reenactment).
The parties argue their respective positions regarding whether or not the addition of Dr. Schachne complies with the mandates of the aforementioned statutory provisions. The main issue in controversy is whether the lateness in naming Dr. Schachne was deposed.
After reviewing the memoranda of both parties, it is apparent that there are many facts in controversy. Since the standard required that the court review matters in the light most favorable to the non-moving party, the court has read with particular attention, the defendant's arguments set forth in his memorandum. Upon a close reading, this Court finds several instances in which the defendant refers to the depositions and "undisputed facts." However, the defendants' strong statements of fact do not accurately reflect the answers cited. For example, the defendant states, "Susan Cotsoridis subsequently informed her husband of her telephone conversation with Dr. Johnson and advised her husband that he was to call Dr. Schachne with delay." The memorandum cites the deposition of Susan Cotsoridis, Exhibit 9, p. 88, deposition of Susan Cotsoridis. Exhibit 4, p. 121. This statement seems to infer that Dr. Johnson told Mrs. Cotsoridis to phone Dr. Schachne without delay. In fact this inference is not supported by the record. There are several other such statements and it makes this court uncomfortable to dismiss this matter when there do in fact appear to be material issues of fact that are in dispute in the court's mind as well as in the pleadings.
It appears to the court that issues of material fact exist and require resolution and therefore, the Motion for Summary Judgment must be denied.