Dinora ALMADA

v.

Antonio SANTOS and Ana Santos.

No. 98–507–Appeal.

Supreme Court of Rhode Island.

May 11, 2000.

Michael T. Brady, Wakefield, George J. Sukatos, Albany, NY.

Mark Nugent, Providence.

## ORDER

This case came before the Court on March 13, 2000, on the appeal of plaintiff, Dinora Almada (plaintiff), from a Superior Court summary judgment in favor of defendants, Antonio Santos and Ana Santos (defendants). We directed the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown. Therefore, we shall decide the case at this time.

The plaintiff filed suit against defendants on January 22, 1996, claiming that she was injured when she slipped and fell down a stairway in defendants' home on February 20, 1994. In her complaint, plaintiff alleged that defendants failed to provide a safe and suitable stairway into the cellar of their home for plaintiff's use and for the use of other persons lawfully present on defendants' premises. Specifically, plaintiff alleged that the stairway was dark, the stairs were slippery, and the handrail did not extend to the top of the stairs. Further, she alleged that defendants knew, or should have known, that the stairway created a dangerous condition, and yet they failed to warn her or to take any remedial action.

On August 4, 1998, defendants' motion for summary judgment was granted by the trial justice, who found that, "[t]here's absolutely nothing on the record that ties this woman's very unfortunate fall down these stairs with anything that these defendants did or did not do." Specifically, in response to plaintiff's allegation that the inadequacy of the lighting was a factor in her fall, the trial justice pointed out that in her deposition, plaintiff testified that she could see to the bottom of the stairwell. With regard to plaintiff's claim that the allegedly slippery stairs may have made her fall, the trial justice found that there was no evidence that some defect in the stairs contributed to her fall. Further, regarding the handrail, the trial justice concluded that plaintiff produced no evidence tending to prove that any breach of the building code in any way contributed to plaintiff's fall or that she had reached for the handrail prior to falling. Finally, in refusing to allow further discovery, the trial justice stated that "this delay is not going to make this bad case any better." Judgment entered, and plaintiff appealed.

The sole issue for our determination is whether the trial justice erred in concluding that there were no genuine issues of material fact when she granted defendants' motion for summary judgment. The plaintiff argued that ample evidence was put forth on which a jury could rely or draw reasonable inferences in order to conclude that defendants were negligent and that their negligence was the proximate cause of plaintiff's injuries. Further, plaintiff alleged that the trial justice erred in refusing to continue the motion for summary judgment in order to afford plaintiff more time to produce additional affidavits and evidence concerning the issue of defendants' negligence. The defendants argued that plaintiff could not state where she was located at the time of her fall or what caused her to fall, and therefore she failed to establish that defendants breached their duty to her, or that any act by the defendants was the proximate cause of her injuries.

It is well settled that "[s]ummary judgment is an extreme remedy and should be applied cautiously." *Rotelli v. Catanzaro*, 686 A.2d 91, 93 (R.I.1996) (citing *Hydro–Manufacturing, Inc. v. Kayser–Roth Corp.*, 640 A.2d 950, 954 (R.I.1994)). Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as matter of law." Super.R.Civ.P. 56(c). "Thus, the only task of a trial justice in passing on a motion for summary judgment is to determine whether there is a genuine issue concerning any material fact." *Industrial National Bank of Rhode Island v. Peloso*, 121 R.I. 305, 307, 397 A.2d 1312, 1313 (1979) (citing *Rhode Island Hospital Trust National Bank v. Boiteau*, 119 R.I. 64, 376 A.2d 323 (1977)). However, the trial justice "may not pass on the weight or credibility of evidence." *Industrial National Bank*, 121 R.I. at 308, 397 A.2d at 1313 (citing *Palazzo v. Big G Supermarkets, Inc.*, 110 R.I. 242, 292 A.2d 235 (1972)).

It appears that the trial justice exceeded the limits of Rule 56 in considering the defendants' motion for summary judgment; by drawing inferences based upon the evidence presented, she essentially decided the factual issues in the case. It is evidence from a reading of the transcript of the hearing on defendants' motion for summary judgment that the trial justice passed on the weight of the evidence and the credibility of the witnesses in this case. For instance, she countered plaintiff's claim that the adequacy of the lighting in and around the stairway was a material issue (based upon plaintiff's answers to interrogatories) by stating that, "[e]xcept in her deposition [plaintiff] specifically says, 'As I entered the back door, I didn't have no difficulty seeing the steps. I saw all the steps going down.'" This Court has held that a party "will not be barred from introducing evidence contrary to the answer contained in an interrogatory al-though his [or her] credibility may be subjected to impeachment on the basis of such contradiction." *Young v. Coca–Cola Bottling Co.*, 109 R.I. 458, 471, 287 A.2d 345, 352 (1972). However, here the trial justice was not in a position to pass on the credibility of the witnesses in the case, and her doing so was an abuse of discretion.

Because we are sustaining this appeal, we need not address the question of whether the trial justice abused her discretion when she denied plaintiff's request for further discovery, stating that "this delay is not going to make this bad case any better."

For the foregoing reasons, plaintiff's appeal is granted and the summary judgment is reversed. The papers of the case may be remanded to the Superior Court.