[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Pursuant to Rules 12(b)6 and 56 of the Rhode Island Rules of Civil Procedure, Merchants Insurance Company of New Hampshire, Inc. and Merchants Insurance Group (collectively "Merchants") filed alternative motions — a Motion to Dismiss and a Motion for Summary Judgment, respectively — seeking to dismiss, or alternatively summarily adjudge, (1) the Declaratory Judgment action instituted by Triton Realty, Inc. ("Triton, Inc.") and Triton Realty Limited Partnership ("Triton Partnership"), and (2) the cross claims asserted by Essex Mutual Insurance Company ("Essex"). Triton, Inc., Triton Partnership, and Essex have filed timely objections thereto. Additionally, Gina Gauvin ("Gauvin"), a third-party in interest, intervened and objected to Merchants' motions.
 Facts and Travel
On February 20, 2003, a fire occurred at a nightclub known as The Station, located at 211 Cowesett Avenue, West Warwick, Rhode Island ("The Station Property"). The building was consumed by fire, resulting in numerous deaths and injuries. With regard to the fire, several lawsuits are currently pending in federal court and more are anticipated. One such action was instituted by Tammy Passa, Walter Castle, Jr., and Cheryl Rossi, persons injured and/or next-of-kin of persons killed in the fire. The Passa plaintiffs have asserted claims against Triton, Inc. and Triton Partnership. Specifically, they allege Triton, Inc. and/or Triton Partnership (1) has an ownership interest in The Station Property, (2) knew or should have known the building located on The Station Property contained defects in construction, and (3) failed to comply with reasonable safety standards.
Having to defend themselves in the above-mentioned lawsuit, Triton, Inc. and Triton Partnership filed a Declaratory Judgment action with this Court, seeking to determine their rights to insurance coverage under various policies held by CNA Insurance Company,[1] Essex, and Merchants. In response, Merchants filed the abovementioned Motion to Dismiss and Motion for Summary Judgment. Central to the determination of these motions is an insurance policy issued by Merchants to Triton Realty Limited, Inc,[2] which contains the following provision pertinent to the resolution of the instant motions:
 "No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture, or limited liability company that is not shown as a Named Insured in the Declarations."
 Standard of Review
In determining whether to grant a Rule 12(b)(6) motion to dismiss, this Court "assumes the allegations contained in the complaint to be true and views the facts in the light most favorable to the plaintiffs." Giulianov. Pastina, Jr., 793 A.2d 1035, 1036-37 (R.I. 2002) (quoting Martin v.Howard, 784 A.2d 291, 297-98 (R.I. 2001)). This Court should not grant the motion "unless it appears to a certainty that [the plaintiffs] will not be entitled to relief under any set of facts which might be proved in support of [their] claim." Id. at 1037 (quoting Bragg v. Warwick ShoppersWorld, Inc., 227 A.2d 582, 584 (R.I. 1967)). When ruling on a Rule 12(b)6 motion, the Court may consider any documents attached to the pleadings.Bowen Court Assoc. v. Ernst Young, 818 A.2d 721, 725-726 (R.I. 2003). "The mere fact that a pleading mentions or refers to a document — without attaching it to the pleading — does not cause that document to be incorporated by reference as if the pleader had appended it to the pleading." Bowen Court Assoc. v. Ernst Young, 818 A.2d 721, 726 (R.I. 2003). A motion, relying on documents outside the pleadings, may be converted to a motion for summary judgment; however, the parties must be afforded notice thereof and "given reasonable opportunity to present all material made pertinent to such motion by Rule 56." Id.
Summary judgment is a drastic remedy that should be approached with caution. McPhillips v. Zayre Corp., 582 A.2d 747 (R.I. 1990). "The function of the motion justice considering a proposed summary-judgment motion is not to cull out the weak cases from the herd of lawsuits waiting to be tried. Rather, only if the case is legally dead on arrival should the court take the drastic step of administering last rites by granting summary judgment." Mitchell v. Mitchell 756 A.2d 179, 185 (R.I. 2000). The Court may not pass on the weight or credibility of the evidence, but rather consider the pleadings and affidavits before it in the light most favorable to the opposing party. Palmisciano v.Burrillville Racing Ass'n., 603 A.2d 317 (R.I. 1992). "[T]he trial justice must look for factual issues, not determine them. . . . The justice's only function is to determine whether there are any issues involving material facts." Steinberg v. State, 427 A.2d at 340 (citingHodge v. Osteopathic General Hospital of Rhode Island, 107 R.I. 135,142, 265 A.2d 733, 737 (1970); Industrial National Bank v. Peloso,121 R.I. 305, 308, 397 A.2d 1312, 1313 (1979)).
 The Named Beneficiary
Merchants' contention is that the activities of an unnamed partnership, here Triton Partnership, are excluded from coverage under the commercial general liability policy number BOP9081018 (the "Policy"). Merchants argues that several factors apparent on the face of the policy support the exclusion. Merchants asserts that the entity actually named on the policy is a typo but clearly references Triton, Inc because the named entity was described as a corporation with the tax identification number of Triton, Inc. and the policy was signed by the president of Triton, Inc. As this fact is fundamental to the ultimate disposition of the instant motion, this Court will focus its analysis thereon.
"It is well settled that the tenets of contract law apply to the interpretation of insurance policies." Am. Commerce Ins. Co. v. Porto,811 A.2d 1185, 1198 (R.I. 2002) (citing Mallane v. Holyoke MutualInsurance Co., 658 A.2d 18, 20 (R.I. 1995); Aetna Casualty Surety Co.v. Sullivan, 633 A.2d 684, 686 (R.I. 1993); Malo v. Aetna Casual andSurety Co., 459 A.2d 954, 956 (R.I. 1983)). Therefore, this Court must analyze the instant motion for summary judgment in light of well-established contract principles. Where summary judgment is to be decided based solely on contract interpretation, the contract must be clear and unambiguous. See Sea Fare's Am. Cafe, Inc. v. Brick Mkt. PlaceAssocs., 787 A.2d 472, 476 (R.I. 2001). In that regard, the Court in SeaFare's stated:
 "`the purpose of summary judgment procedure is issue finding and not issue determination.' `[A]n ambiguity in a contract cannot be resolved on summary judgment.' That is because `the construction of ambiguous contract terms is a question of fact.' `A contract is ambiguous if, in light of our rules of contract interpretation, it is reasonably susceptible of different constructions.'" Id. (citations omitted).
In the instant case, the declarations page of the insurance policy issued by Merchants identifies Triton Realty Limited, Inc. as the insured. However, Triton Realty Limited, Inc. is a non-existent entity, which is neither Triton, Inc. nor Triton Partnership, the entities involved in the instant case. Clearly, the name recorded on the policy, Triton Realty Limited, Inc., is reasonably susceptible to different interpretations, as this name resembles the names of both Triton, Inc. and Triton Partnership, containing portions of each entity's designation. Moreover, although Merchants has offered three pieces of evidence contained within the policy which would seem to indicate that Triton, Inc. is the entity to which this policy was intended to apply, Triton Partnership, Triton, Inc., Essex, and Gauvin have not been afforded discovery, which might uncover facts refuting Merchants' claim.
This "typo" without doubt qualifies as a genuine issue of material fact as to the identity of the insured party, and because the insured's identity is a central issue facing this Court, summary judgment may not enter. Therefore, in accordance with the wellestablished principles guiding summary judgment decisions, this Court must first offer the non-moving parties the opportunity to engage in meaningful discovery.See Bowen Court Assoc., 818 A.2d at 726. Without disposing of any other issues raised by the parties, this Court stays the motion for summary judgment pending the completion of discovery.
Counsel shall present the appropriate judgment for entry.
[1] CNA, Triton, Inc., and Triton Partnership have reached an agreement regarding coverage, so the extent of coverage to be provided by CNA need not be determined.
[2] This Court notes the distinction among this unknown organization and the entities named in the instant case, Triton Realty, Inc. and Triton Realty Limited Partnership.