Herbert KATZ

v.

Alphonse MANGIARELLI, Jr., et al.

No. 2000–120–Appeal.

Supreme Court of Rhode Island.

Jan. 30, 2001.

Joseph A. Lamagna, Pawtucket, for Plaintiff.

Alphonse Mangiarelli, Lucille Kelly, for Defendants.

Present: WEISBERGER, C.J., LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

PER CURIAM.

The parties appeared before this Court on December 11, 2000, to show cause why this appeal should not be summarily decided. The defendants, Alphonse Mangiarelli, Jr. and Lucille Kelly (defendants), appeal from a summary judgment in favor of plaintiff, Herbert Katz (plaintiff). After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are satisfied that cause has not been shown. Thus, the issues raised on this appeal will be decided at this time. We reverse the judgment of the trial court.

## Facts and Travel

The plaintiff asserted that he provided legal services to defendants, in conjunction with a will contest concerning the will of defendants' late father, Alphonse Mangiarelli, Sr. (decedent). These services were provided from January 14, 1995, through January 12, 1999. Under the terms of the

will defendants essentially were disinherited. The wife of decedent, Marietta Mangiarelli, the primary beneficiary under the will, offered to settle the matter in lieu of a trial. Against the advice of plaintiff, defendants rejected the settlement offer and persisted in their demand for a trial. Thereafter, plaintiff moved to withdraw as counsel. He alleges that defendants owed approximately $23,061.85 in legal fees at the time he terminated the attorney/client relationship.

On February 22, 2000, a hearing was held on plaintiff's motion for summary judgment. In support of his motion, plaintiff provided a ten-page itemized list of the legal services provided during the dates in question. In response, defendants averred that the bill was inaccurate, inflated and unreasonable. The defendants argued that plaintiff's original fee estimate was much lower than the amount ultimately charged and that the hours billed were unfounded. Apart from these allegations, defendants offered little evidence to support their claims.

At the conclusion of the hearing, the trial justice granted plaintiff's motion for summary judgment, reasoning that defendants failed to present sufficient evidence to support their defense that plaintiff breached the standard of care owed to defendants and that his fee demand was excessive. Judgment was entered on February 29, 2000.

■ Before this Court, defendants appearing *pro se*, argued that in reaching her decision the trial justice overlooked relevant evidence bearing on the issue of the appropriateness of the fees. Specifically, defendants referred to a letter written by plaintiff in February 1998, informing defendants that their outstanding balance for legal services totaled $8,211.85 and that he had performed "all the work necessary for trial with the exception of issuing subpoenas * * *." The defendants further asserted that plaintiff's final bill, issued on January 14, 1999, totaling $23,061.85, was calculated to punish defendants for not accepting the January 12, 1999 settlement offer.

■ It is well settled that this Court reviews the granting of a summary judgment motion on a *de novo* basis. *Marr Scaffolding Co. v. Fairground Forms, Inc.*, 682 A.2d 455, 457 (R.I.1996). In conducting such a review, we are bound by the same rules and standards as those employed by the trial justice, *Rotelli v. Catanzaro*, 686 A.2d 91, 93 (R.I.1996), and "[a]ccordingly, we will affirm a summary judgment if, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Woodland Manor III Associates v. Keeney*, 713 A.2d 806, 810 (R.I.1998) (quoting *Rotelli*, 686 A.2d at 93).

In support of his motion, plaintiff presented a ten-page, itemized list of all services that were provided to defendants during the four-year period in dispute. Although the itemized bill accounts for each hour charged, the propriety of the charges that accrued after the February 20, 1998 letter in which plaintiff informed the defendants that, with the exception of a few ancillary matters he was ready for trial, and that the amount due for his legal services at that point was $8,211.85, raises an issue of fact concerning defendants' claimed defense. According to the itemized bill that plaintiff submitted to the trial court, the balance remained unchanged from February 20, 1998, through October 17, 1998. However, from October 18, 1998, through January 12, 1999, the amount allegedly due increased by $14,850 to a final tally of $23,061.85. This additional amount included an eight-day period beginning on January 3, 1999, in which plaintiff listed seventy-two hours of billable time identified as "trial preparation."[1]

---

1. This amount is in addition to twenty-four hours billed for making "cue cards" and thirteen hours billed for reading the Rhode Island Rules of Evidence and Wigmore on Evidence,

■ In light of the significant number of billable hours that accrued after October 18, 1998, as well as the question of the propriety of those charges, we are of the opinion that significant issues of fact exist about the reasonableness of the final bill plaintiff submitted. Moreover, notwithstanding our concern about the services identified in the invoice, we are also of the opinion that if the client desires to proceed to trial and an attorney amasses considerable billable hours in preparation for trial, especially after informing the client that "all the work necessary for trial" was essentially completed, then the attorney has an obligation to try the case for his or her client absent extenuating circumstances.[2]

Therefore, we are satisfied that a question of fact exists relative to plaintiff's reasons for withdrawing from the case two days after defendants rejected what their attorney believed to be a generous settlement offer and after the attorney had prepared for trial and amassed more than $23,000 in billable hours. As noted, these circumstances may give rise to an obligation on the part of the attorney to take the case to trial if that is what the client desires.

Thus, after receiving the plaintiff's letter in February 1998, the defendants were justified in their belief that the plaintiff was essentially ready for and would proceed to trial, and that any further fees incurred before an actual trial would be minimal. Based on the foregoing, we conclude that significant issues of fact exist concerning the final amount of the invoice and the reasons for the plaintiff's withdrawal as the defendants' attorney. Thus, we sustain the defendants' appeal and hold that the grant of summary judgment was improper. Accordingly, the judgment of the Superior Court is vacated and the case is remanded for further proceedings consistent with this opinion.

---

as well as reviewing Rhode Island case law, and two treatises on wills.

2. We recognize, however, that defendants were not the easiest clients to represent. At oral arguments, it was disclosed by counsel that defendants, upon refusing to accept the settlement offer, stated to plaintiff that they would even reject an offer in excess of the statutory allowance and wanted to go to trial because they wanted to make the wife of the decedent, Marietta Mangiarelli, "squirm." Clearly, this conduct may be equally relevant on the issue of plaintiff's reasons for withdrawing from the case.